Katherine Ann WILEY, by next friend,
David Wiley, and wife, Anna
Wiley, Plaintiffs,

v.

John P. FRANKLIN, Conley R. Young,
Mrs. C. M. Hooper, Rev. H. H. Battle,
John David Kling, James L. McClana-
han, E. S. Proctor, Jr., Members of the
Board of Education of the City of Chat-
tanooga, Tennessee, and the Board of
Education of the City of Chattanooga,
Tennessee, Defendants.

Nancy SCHWARTZ, by next friend, Jack
Wilkinson and Leah Mary Franke, by
next friend, Robert E. Franke and wife,
Dorothy Franke, Plaintiffs,

v.

James L. DOBSON, Jr., H. D. Duggan,
Robert L. Frederick, James W. Hartley,
John K. Witherspoon, Mrs. Helen W.
Perry, Fred R. Skillern, Members of the
Board of Education of Hamilton County,
Tennessee, and the Board of Education
of Hamilton County, Tennessee, Defend-
ants.

CIV–1–78–1,  CIV–1–78–2.

United States District Court,
E. D. Tennessee, S. D.

Aug. 6, 1979.

John L. Alley, Hixson, Tenn., for plaintiffs.

Randall L. Nelson, Asst. City Atty., Eugene N. Collins, City Atty., Ward Crutchfield, Asst. County Atty., Chattanooga, Tenn., for David Kesler & Frederick L. Hitchcock.

Robert Kirk Walker, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, Tenn., special counsel for defendants.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

These two related lawsuits present issues with regard to the constitutionality of certain courses of Bible study proposed for teaching in the public elementary schools of the City of Chattanooga and Hamilton County, Tennessee. In a prior phase of this litigation this Court adjudicated similar issues with respect to Bible study courses as offered and taught in these school systems in prior school years, including the recently concluded 1978–1979 school year. In that prior phase of the litigation the Court concluded that the Bible study courses as offered and taught in years previous to 1978, and as modified and taught in the school year 1978–1979, violated the religious freedom provisions of the First Amendment. The Court concluded that the continuance of the courses as heretofore taught must accordingly be enjoined. *See Wiley v. Franklin,* 468 F.Supp. 133 (1979).

All parties to this litigation having expressed the opinion that a course in Bible study in the elementary grades would be academically and educationally desirable if it could be designed, offered and taught so as to be constitutionally permissible, the Court deemed it appropriate to afford the defendants an opportunity to resubmit a plan for a proposed course of Bible study that would meet First Amendment constitutional requirements as those requirements were set forth in the Court's previous opinion. The defendants have now submitted their proposed revised plans and courses of Bible study. The plaintiffs have likewise been afforded the opportunity of entering their concurrence or objection to the defendants' submissions and to submit alternate proposals. These objections and alternate proposals have likewise now been submitted. By stipulation of the parties these proposals, objections and counter-proposals have been made a part of the evidentiary record in the lawsuit and the cases have now been submitted to the Court for

decision upon the record as thus established.[1]

*Elementary School Bible Study Proposals*

In its former opinion in these lawsuits, wherein the Court concluded that the Bible study courses heretofore taught in the city and county public schools violated the establishment of religion clause of the First Amendment to the United States Constitution, the Court gave the following instructions in affording the defendants the option of making revisions in those courses.

"Accordingly, the entry of an order enjoining the further continuance of the Bible study courses in the City and County public elementary schools will be stayed for a period of 45 days to enable the defendant Boards of Education to devise, adopt and submit to the Court proof of the following changes in the elementary school Bible study courses:

"(1) Establish uniform minimum standards for the selection and employment of persons teaching Bible study courses in the elementary grades, which standards shall specifically exclude as a condition of selection for employment any religious test, any profession of faith or any prior or present religious affiliation.

"(2) Establish a procedure for the release and replacement of all teachers currently teaching Bible study courses in the elementary grades who do not meet the minimum standards adopted pursuant to paragraph (1) above, such release and replacement to be accomplished within a period of 30 days after the Court shall have approved the uniform minimum teacher standards.

"(3) Establish a plan whereby the school board or some duly designated school staff member or other school personnel shall, without participation by any non-school person or organization, select and employ all Bible study course teachers and effect the placement, training and supervision of all such teachers.

"(4) Revise the Bible study course curriculum currently used in elementary school grades so as to eliminate all lesson titles whose only reasonable interpretation and message is a religious message and which lessons are not reasonably capable of being taught within the confines of a secular course in history, literature or other secular subject matter normally included within or recognized as suitable for an elementary school curriculum.

"None of the foregoing instructions shall limit or restrain the defendant school boards from entering into any arrangement they may elect with any individual or organization, including the Public School Bible Study Committee, for the funding of the elementary school Bible study courses. Nor should such instructions interfere in any way with the retention of the elective policies and practices currently in effect."

In an effort to devise a constitutionally permissible course of Bible studies for use in their public elementary schools, the defendants have submitted a series of revisions which they contend are in accord with the foregoing guidelines.

The first revision submitted by the defendants purports to comply with the Court's instructions regarding teacher em-

1. To maintain an orderly evidentiary record, the additional matters thus submitted will be identified as exhibits bearing the following numbers:

Exhibit # 50—Defendants' Offer of Proof of Changes in Elementary School Bible Study Program (Court File # 58)

Exhibit # 51—Affidavit of James D. McCullough, Superintendent of Chattanooga City Schools, with Exhibits (Court File # 58A)

Exhibit # 52—Affidavit of Dr. Dale L. Carter, Superintendent of Hamilton County Schools, with Exhibits (Court File # 58B)

Exhibit # 53—Plaintiffs' Memorandum of Objections and Proposed Alternatives and Supporting Affidavits of Dr. Thor Hall and William E. Collie (Court File # 60)

Exhibit # 54—Affidavit of James D. McCullough, Superintendent of Chattanooga City Schools (Court File # 62)

Exhibit # 55—Affidavit of Dr. Dale L. Carter, Superintendent of Hamilton County Schools (Court File # 63)

Exhibit # 56—Affidavit of Dr. Allene Stuart Phy (Court File # 64)

Exhibit # 57—Affidavit of Leonard T. Wolcott and Carolyn E. Wolcott (Court File # 65)

ployment standards. The purpose of this revision is to eliminate the former practice of delegating to a private religiously oriented organization the selection of Bible teachers. The defendants' proposal in this regard is set forth in a document made exhibit to the affidavits of the respective school superintendents and is entitled "Proposed Employment Standards for Bible Teachers". The gist of this proposal is that the respective school systems will assume full and exclusive responsibility for the employment of Bible teachers, will exclude any religious test in the making of such employment and will require qualifications ranging from a top requirement of a bachelor's degree with elementary school certification and 18 quarter hours of training in Bible literature to a fourth step minimum requirement of a teacher's permit without degree and 12 quarter hours training in Bible literature. It is proposed that teachers will be employed according to availability and in descending order of priority corresponding with the four descending steps of qualification.

The plaintiffs have interposed objections to this proposal. The gist of the plaintiffs' objection is that the employment of Bible teachers with any requirement less than elementary teacher certification or with any requirement more than a minimum number of quarter hours in academic religion studies as distinct from Bible literature studies, would tend to favor the employment of the religiously committed teacher rather than the academically qualified teacher. The Court is in agreement with this criticism to the extent that the defendants' plan for teacher employment would in its fourth step permit the employment of Bible teachers whose only qualifications are a teacher permit and 12 quarter hours in Bible literature. The obtaining of a teacher permit appears to be more a matter of routine than of qualification, leaving Bible study as the only significant qualification requirement in the fourth step. The Court is of the opinion that to permit such a minimum qualification would favor the employment or continued employment of teachers whose only significant qualification is Bible study in a religiously committed institution of learning. Such a minimum employment standard gives inadequate assurance for the teaching of a nonreligious course in biblical history, biblical literature, or other secular biblical study emphasis.

The Court is of the opinion that this same criticism may not be made with regard to the higher qualification standards set forth in steps one through three of the defendants' proposed teacher employment standards. Accordingly, with the elimination of step four from the defendants' proposed standards, and the retention of the bachelor's degree and the biblical literature requirements, along with elementary teacher certification or permit, all as set forth in steps one through three of the proposed standards, the Court is of the opinion that the defendants' proposed teacher employment standards should be approved.

■ The defendants having given assurance that no religious test of any kind will be used or permitted in the employment of elementary school Bible course teachers, that all of such teachers will in the future be employed only in accordance with the employment standards heretofore discussed, and that the services of former teachers of Bible not possessing such qualifications will no longer be utilized, this phase of the defendants' plan will likewise to approved.

■ Pursuant to the third guideline established by the Court in its former opinion, the defendants have given assurance that the respective school boards and the appropriate school officials will assume full and exclusive responsibility for the training, placement and supervision of teachers employed in the elementary school Bible courses. The plaintiffs have objected to the adequacy of the defendants' plans in this regard, citing the past record of the defendants in having delegated these responsibilities to the Bible Study Committee. To meet this criticism and to assure compliance with any plans approved by the Court, including plans for the training, placement

and supervision of teachers, the Court will retain jurisdiction of this lawsuit during the initial year of operation of any court-approved plan for Bible study. In addition, in order that the teacher training may be effective for the purposes here sought to be accomplished, there should be included in any teacher training program a suitable segment devoted to the freedom of religion clauses contained in the First Amendment of the United States Constitution and the relevant United States Supreme Court decisions interpreting those clauses. Teacher understanding of these constitutional requirements will be essential to proper classroom performance.

■ Turning finally to the revised Elementary School Bible Curriculum Guide submitted by the defendants, this Curriculum Guide is submitted as being in response to and in compliance with the fourth guideline established by the Court in its former opinion. That guideline required that, as a condition to any continuance of the Bible study courses in the elementary grades, the defendants submit a revised curriculum as follows:

"(4) Revise the Bible study course curriculum currently used in elementary school grades so as to eliminate all lesson titles whose only reasonable interpretation and message is a religious message and which lessons are not reasonably capable of being taught within the confines of a secular course in history, literature or other secular subject matter normally included within or recognized as suitable for an elementary school curriculum."

The issue thus presented is whether the defendants' proposed Curriculum Guide complies with the Court's guideline. The following excerpts from the Curriculum Guide will illustrate its format and content:

### OVERVIEW

\*   \*   \*   \*   \*   \*

"The Bible program of the Chattanooga and Hamilton County elementary schools should help students to gain a greater appreciation of the Bible as a great work of literature in itself and to understand better the countless works of literature, art, and music which allude to Biblical content. The program should also help to give students greater insight into the many historical events recorded in the Bible and into the many social customs upon which the Bible has had a significant influence.

"The goal of this curriculum guide is to provide teachers with the best possible methods, materials, and approaches available to enrich the education of our students.

### PURPOSE OF THIS GUIDE

"It is the purpose of this curriculum guide to lay a foundation for equipping the teachers of Bible in the Chattanooga and Hamilton County public elementary schools with suggested objectives, methods, and materials that will serve as a stimulus in promoting study of the Bible in the elementary grades for its literary, historic, and sociological qualities.

\*   \*   \*   \*   \*   \*

### COURSE OBJECTIVES, METHODS, AND IMPLEMENTATION

"1.  Objectives

A.  To introduce to students Biblical accounts which familiarize them with some of the major characters, stories, settings, and circumstances in the Bible.

B.  To expose the students to works in literature, art, and music which are either based on or allude to some Biblical content.

C.  To assist students in their appreciation of secular and cultural works they may encounter in the upper grades.

D.  To assist students in recognizing some of the values which have influenced our culture that are of Biblical origin.

E.  To help students gain a greater understanding of important, contemporary events (such as the Middle East

conflict and major archeological discoveries).

\*   \*   \*   \*   \*   \*

"111.   Implementation

A.   In general, all lessons in the Bible study program have been planned with regard to:

1.   Their inherent literary, historic, and sociological qualities and/or

2.   Their value in helping students to develop a greater appreciation for secular, cultural works related to the Bible.

B.   Emphasize content.

C.   In the pages which follow, the courses of study for each grade contain specific objectives and methods as well as plans for implementation that account for lesson planning at every scheduled class meeting.   The lessons are either topical in nature or a part of some chronological sequence."

2.   The general format of the curriculum in this regard may be illustrated by reference to the introductory statements and initial lesson plan for the kindergarten series:

Objectives:   A—To introduce students to the Bible as a book which has had a great influence on literature, history and world culture.
B—To acquaint students with a variety of stories and characters from the Bible.

Methods and
Materials:   A variety of methods and materials may be used, such as:
A—Narration   .   .   .
B—Audiovisuals   .   .   .
C—Art activities   .   .   .
D—Music   .   .   .

An illustrative list of lesson titles taken from the initial, middle and concluding lesson titles as set forth in the proposed Bibile Curriculum Guide is as follows:

Kindergarten:   Lesson   1—The Bible:  Introduction to one of the World's Great Story-books
Lesson   2—Narratives of the Beginning
Lesson   3—Tower of Babel
Lesson   8—David and Goliath; The Twenty-third Psalm
Lesson   9—The Judgment of Solomon
Lesson 10—Elisha and Naaman
Lesson 14—Zacchaeus
Lesson 15—"The Good Samaritan"
Lesson 16—Jesus Welcomes the Little Children

First Grade:   Lesson   1—The Bible:  From Scrolls to Printed Page
Lesson   2—Narratives of the Beginning: Earth, Sun, Moon, Stars, Animals, and Man
Lesson   3—Adam and Eve in the Garden of Eden
Lesson   8—Abraham
Lesson   9—Lot, Sodom, and Gomorrah

There follows for each grade, kindergarten through the sixth grade, a statement of course objectives, teaching methods and materials.   This in turn is followed by a series of 16 lesson plans.   The initial lesson plan in each grade level consists of an introduction to the Bible.   A series of 15 additional lesson plans follow, a majority of which are based upon Old Testament characters and incidents and a minority of which are based upon New Testament characters and incidents.[2]   The order of the lesson plans at each grade level substantially follows biblical chronology.

The plaintiffs have leveled substantial criticism at the defendants' proposed Curriculum Guide.   Some of that criticism is directed toward an asserted lack of use by the defendants of appropriate and available professional resources in the development of the new curriculum.   Other criticism is

Lesson 10—Belshazzar's Feast
Lesson 14—Jesus and the Ten Lepers/Jesus and the Paralytic
Lesson 15—Jesus and the Gerasene Swine
Lesson 16—"The Prodigal Son"

Second Grade:   Lesson   1—The Bible:  Translations and Versions
Lesson   2—Hagar and Ishmael; The Birth of Isaac
Lesson   3—The Binding of Isaac
Lesson   8—Joseph in Egypt
Lesson   9—King Herod
Lesson 10—Beheading of John
Lesson 14—The Nobleman's Son/Jairus' Daughter
Lesson 15—Blind Bartimeus
Lesson 16—Jesus Teaches a Lesson in Humility

Third Grade:   Lesson   1—The Bible:  Its Languages and Words
Lesson   2—Review of Narratives of Israelites in Egypt
Lesson   3—Birth and Childhood of Moses
Lesson   8—Moses the Lawgiver
Lesson   9—King Herod
Lesson 10—The Fall of Jericho
Lesson 14—"Pharisee and the Publican"—The Rich Young Ruler
Lesson 15—Jesus Praises the Woman Who Seeks Learning
Lesson 16—Jesus Defends the "Extravagant" Woman

Fourth Grade:   Lesson   1—The Bible:  Influence on Sciences
Lesson   2—Deborah and Barak
Lesson   3—Gideon
Lesson   8—David the Musician
Lesson   9—David and Jonathan
Lesson 10—David as King
Lesson 14—Jesus Crucified Between Two Thieves
Lesson 15—Reports of the Resurrected Jesus
Lesson 16—The Stoning of Stephen

directed toward an asserted lack of academic merit in the suggested teaching methods and recommended lesson plans. These criticisms, whether meritorious or not, are not for the Court to pass judgment upon, as their thrust is directed to matters other than constitutional issues, the domain to which this Court is restricted.

Other criticisms are directed toward a contended lack of removal of religious themes and messages from the lesson plans. These are matters appropriately within the province of the Court and have accordingly received consideration by the Court. After carefully reviewing each lesson plan, however, the Court is of the opinion that, with the exception of lesson 15 in the proposed fourth grade curriculum, each lesson is capable of being taught for its secular, literary or historical worth and without religious emphasis. The Court is of the opinion that this cannot be said as regards lesson 15 of the proposed fourth grade curriculum. That lesson proposes the teaching of the resurrection of Jesus as recounted in the New Testament. The account of the resurrection forms the central statement of the Christian religious faith. Its only reasonable interpretation is a religious interpretation. Its only reasonable message is a religious message. It is difficult to conceive how it might be taught as secular literature or secular history. With the elimination of lesson 15 in the fourth grade curriculum, the Court approves the defendants' Proposed Bible Curriculum Guide.

The plaintiffs have themselves proposed an alternate curriculum guide, together with various options and sources for the development of additional curriculum guides. The Court is of the opinion that these deserve consideration by the defendants and may prove helpful in any future modification or evolution of the elementary school Bible curriculum guide.

The ultimate test of the constitutionality of any course of instruction founded upon the Bible must depend upon classroom performance. It is that which is taught in the classroom that renders a course so founded constitutionally permissible or constitutionally impermissible. If that which is taught seeks either to disparage or to encourage a commitment to a set of religious beliefs, it is constitutionally impermissible in a public school setting. If that which is taught avoids such religious instruction and is confined to objective and non-devotional instruction in biblical literature, biblical history and biblical social customs, all with the purpose of helping students gain "a greater appreciation of the Bible as a great work of literature" and source of "countless works of literature, art and music" or of assisting students acquire "greater insight into the many historical events recorded in the Bible" or of affording students greater insight into the "many social customs upon which the Bible has had a significant influence", all as proposed in the Curriculum Guide, no constitutional barrier would arise to such classroom instruction.

A final judgment will enter in accordance with the Court's former opinion as set forth in *Wiley v. Franklin,* 468 F.Supp. 133 (1979) and in this memorandum.

| Fifth Grade: | | |
|---|---|---|
| | Lesson | 1—The Bible: Literary Types |
| | Lesson | 2—The Reign of David |
| | Lesson | 3—Solomon Becomes King |
| | Lesson | 8—The Babylonian Captivity |
| | Lesson | 9—Esther |
| | Lesson | 10—Job |
| | Lesson | 14—Jesus Fasts in the Wilderness |
| | Lesson | 15—Jesus Preaches on the Mountain |
| | Lesson | 16—Saul of Tarsus Becomes a Follower of Jesus |

| Sixth Grade: | | |
|---|---|---|
| | Lesson | 1—Construction of the Biblical Canons |
| | Lesson | 2—Proverbs |
| | Lesson | 3—Ecclesiastes |
| | Lesson | 8—Maccabean Period: Part I |
| | Lesson | 9—Maccabean Period: Part II |
| | Lesson | 10—John the Baptizer |
| | Lesson | 14—The Travels of Paul |
| | Lesson | 15—The Letters of Paul |
| | Lesson | 16—John Recounts a Vision on Patmos |