See also, —— F.Supp. ——.

**Kevin Carlton McCLAFLIN, Plaintiff,**

v.

**Fred B. PEARCE, Director of Department of Corrections; et al., Defendants.**

**Civ. No. 89–1361–FR.**

United States District Court, D. Oregon.

June 11, 1990.

Kevin Carlton McClaflin, Pendleton, Or., pro se.

Dave Frohnmayer, Atty. Gen., Jan Peter Londahl, Asst. Atty. Gen., Salem, Or., for defendants.

## OPINION

FRYE, Judge:

The matters before the court are the following motions of plaintiff, Kevin Carlton McClaflin:

1. a motion for a temporary restraining order (# 23–1) or a preliminary injunction (# 23–2) directing defendant Robert L. Wright to return legal materials to McClaflin;

2. a motion for relief from order (# 24); and

3. a motion for a preliminary injunction directing that the defendants provide McClaflin with the right to exercise his religion (# 30).

## BACKGROUND

This is an action under 42 U.S.C. § 1983 brought by an inmate of the Eastern Oregon Correctional Institution (EOCI). McClaflin, a Roman Catholic, alleges that the defendants have violated his rights under the first, eighth and fourteenth amendments by restricting his ability to practice his religion. McClaflin alleges that he has been a resident of the segregation unit at EOCI since April 14, 1988.

Defendant Fred B. Pearce is the Director of the Oregon Department of Corrections (DOC). Defendant Richard S. Peterson is the Assistant Director of the DOC. Defendant Dave Schumacher is the Rules Coordinator of the DOC. Defendant Robert L. Wright is the Superintendent of EOCI. Defendant George H. Baldwin is the Assistant Superintendent of EOCI. Defendant James L. Trumbly is the Security

Manager of EOCI. Defendant David L. Hickerson is the Program Services Manager of EOCI.

McClaflin alleges that despite repeated requests 1) he has not been able to have visits with a Catholic priest in the same number and duration as the religious visits available to inmates in the general population; 2) his ability to receive communion has been restricted by the infrequent religious visits with a Catholic priest; and 3) he is not allowed to have a rosary or a Catholic calendar, which items are necessary to the practice of his religion. McClaflin seeks injunctive relief and damages against each of the defendants.

## ANALYSIS AND RULING

### 1. *Legal Materials*

■ McClaflin requests a temporary restraining order or preliminary injunction directing Robert L. Wright, the Superintendent of EOCI, to return to McClaflin personal legal materials which have been confiscated from him. McClaflin argues that because he is in disciplinary segregation, his access to legal materials is unduly limited.

McClaflin alleges that he is not allowed to visit the prison law library, but must use a correspondence system under which he is supposed to obtain requested legal materials within one working day when the law library facilities are open. McClaflin alleges that under the correspondence system, it takes at least three working days for him to obtain the materials; that he is allowed only one ten minute phone call per week to one of the inmates who works in the law library to ask research questions and receive legal advice; that he is allowed to keep only one box of legal paperwork in his cell; and that the rest of his documents are kept in storage where he may obtain them only if he puts a comparable amount of documents into storage. McClaflin also alleges that he has limited access to paper and pens.

Defendants respond that McClaflin has no likelihood of success on the merits because 1) McClaflin does not allege in his complaint that his legal materials have been confiscated; and 2) McClaflin's legal materials have not been confiscated, but are available to him under reasonable conditions. In support of their position, the defendants have submitted the affidavit of James L. Trumbly, the Security Manager for EOCI, who confirms the restrictions described by McClaflin, but states that legal materials have been provided within one day of a request, as required by the administrative rules for the DOC, and that inmates may receive legal materials in less than a day if they demonstrate an urgent need for them.

Assuming that McClaflin will add allegations on this issue to his complaint if he is given the opportunity, the court will focus on the factors governing the issuance of a preliminary injunction. The Ninth Circuit set out the applicable standards for the issuance of a preliminary injunction in *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987):

> The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. (Citations omitted).

With respect to the merits, the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). However, the Supreme Court has also stated that a program which provides access to the courts need not include any particular element, and that a program must be evaluated as a whole to ascertain if it complies with constitutional standards. *Id.* at 832, 97 S.Ct. at 1500. The Court approved a plan by the prison system of the State of North Carolina to establish law libraries in some, but not all, prison facilities and to provide access to the libraries upon request of inmates from all prisons, although these inmates might have to wait three to four weeks to spend a day in the law library.

By contrast, in *Leeds v. Watson*, 630 F.2d 674 (9th Cir.1980), the Ninth Circuit held that prisoners were denied adequate access to the courts where a jail had no law library and prisoners were allowed to visit the small law library in the nearby county courthouse only if they secured a court order. 630 F.2d at 676.

■ The *Bounds* decision indicates that prison officials may impose reasonable restrictions on an inmate's access to legal materials. In this case, the security needs of the disciplinary segregation unit justify significant restrictions on the program for access to legal materials of inmates in the segregation unit of the prison as opposed to inmates in the general population. Furthermore, McClaflin has not pointed out any specific instance or manner in which the restrictions have prejudiced him. The court finds that upon the record before it, the system provides adequate access to legal materials for inmates in the segregation unit.

Since McClaflin has not shown a probability of success on the merits, or even that serious questions are raised on the merits, McClaflin's motion for a temporary restraining order or a preliminary injunction directing Wright to return his legal materials is denied.

## 2. *Appointment of Counsel*

■ McClaflin requests relief from this court's order of January 23, 1990 which denied his request for the appointment of counsel. At that time, the court ruled that there were no exceptional circumstances requiring the appointment of counsel under 28 U.S.C. § 1915(d). The court held open the possibility that it would reevaluate its ruling after the defendants had an opportunity to respond and to present their position in the case.

As discussed above, McClaflin contends that he does not have adequate access to legal materials and the advice of inmates who work in the prison law library. McClaflin also argues that he needs legal counsel because he has only a high school education and because he is suffering from a mental disease for which he takes daily doses of a prescribed anti-depressant drug.

■ The court will attempt to request counsel for an indigent civil litigant under section 1915(d) only under "exceptional circumstances." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799 (9th Cir. 1986). A determination of exceptional circumstances requires an examination of "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

With respect to the merits, McClaflin has not demonstrated a likelihood of success on the merits in his motions for a temporary restraining order or a preliminary injunction. With respect to McClaflin's ability to articulate his claims while acting *pro se*, the court finds that despite the limitations of the segregation unit, McClaflin has been able to adequately present and argue his claims. Therefore, the court finds that McClaflin is not entitled to the appointment of counsel. Accordingly, McClaflin's motion for relief from the order of January 23, 1990 is denied.

## 3. *Exercise of Religion*

■ McClaflin requests a preliminary injunction directing that he be permitted to

freely exercise his religion by 1) allowing him to visit with a Catholic priest at least as frequently as the inmates in the general population (once a week); 2) letting him receive communion regularly; and 3) allowing him to have a plastic rosary and a Catholic calendar in his cell.

McClaflin submits an affidavit which states that since he has been in the segregation unit, he has received infrequent visits from a Catholic priest, and that for approximately six months, until early 1990, he did not receive any visits from a Catholic priest. McClaflin admits that in recent months, he has received a brief visit each week from the new Catholic chaplin, Father Graves. McClaflin contends that inmates in the general population are allowed to visit with a religious leader for thirty minutes per week.

The defendants have submitted the affidavit of David Cassel, one of the staff chaplains at EOCI. Cassel states that since February, 1990, McClaflin has received a weekly visit of approximately ten minutes duration from Father Graves, and that McClaflin receives religious guidance and communion during these visits. Cassel states that Administrative Rule OAR 291–11–050 restricts the property which inmates in the segregation unit may have in their cells for security reasons, and that inmates are not permitted to possess any religious articles such as crosses, stars of David, rosaries or medallions. Cassel states that a rosary is considered important, but not necessary, to the practice of the Catholic religion. Finally, Cassel states that McClaflin will be allowed to possess a Catholic calendar if he can locate one of a size similar to the calendars now available to Protestant inmates. It must also be of softbound construction.

■ Although the right to exercise religious practices and beliefs does not terminate at the prison door, the right of the free exercise of religion is necessarily limited by the fact of incarceration and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security. *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987); *O'Lone v. Estate of Sha-*

*bazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). The court must determine whether these competing interests are balanced properly by applying a test of reasonableness: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).

It appears that some of McClaflin's demands are now moot. For example, McClaflin is receiving religious visits in accordance with the administrative rules of the DOC, specifically OAR 291–11–060, which provides that upon request staff from the department of religious services will visit an inmate in the segregation unit once per week. McClaflin may possess a Catholic calendar if he can locate one which meets the security requirements of the segregation unit.

■ The remaining demands—for extended visits and for a rosary—are not essential to the practice of McClaflin's religion. Non-essential elements of a religion may be withheld from inmates in a disciplinary segregation unit, even though they are provided to inmates in the general population. *See Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir.1987) (security considerations supported restriction that prevented Native American inmates in the disciplinary segregation unit from participating in Sweat Lodge Ceremony). The court finds that McClaflin has not established a possibility of irreparable injury or a balance of hardships in his favor sufficient to warrant the issuance of a preliminary injunction.

## CONCLUSION

McClaflin's motion for a temporary restraining order (# 23–1) or a preliminary injunction (# 23–2) directing defendant Robert L. Wright to return legal materials to McClaflin is denied. McClaflin's motion for relief from the order denying the appointment of counsel (# 24) is denied. McClaflin's motion for a preliminary injunction directing that the defendants provide

McClaflin with the right to exercise his religion (# 30) is denied.