No. 96-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

DANNY A. ARLEDGE,

      Plaintiff and Appellant,

vs.

STATE OF MONTANA, et.al,

      Defendants and Respondents.

FILED

JAN 09 1997

~~~ Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Danny A. Arledge, Deer Lodge, Montana (pro se)

    For Respondent:

        Lois Adams, David L. Ohler, Diana P. Leibinger,
Department of Corrections, Helena, Montana

Submitted on Briefs: December 5, 1996

Decided: January 9, 1997

Filed:

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

This is an appeal from a July 29, 1996 Order of the Third Judicial District Court, Powell County, denying the motion of Danny A. Arledge (Arledge) for a temporary restraining order. We affirm.

## Background

Arledge, an inmate law clerk, *pro se*, filed in the Montana Third Judicial District Court, Powell County, his complaint alleging personal injury and violations of 42 U.S.C. § 1983. Arledge claims that various Department of Corrections employees unlawfully retaliated against him in connection with his preparation for other inmates' grievances against prison staff. After amending his complaint, Arledge filed a motion for a temporary restraining order requesting that the District Court restrain the prison authorities from administratively disciplining him.

A hearing was held on Arledge's motion on May 2, 1996. Arledge appeared, represented himself, and testified. The Defendants appeared by counsel and offered testimony through William Perry, Unit Manager for the Maximum Security Unit at the

Montana State Prison. At the conclusion of the hearing, Arledge orally requested a temporary restraining order issue pending the court's decision on preliminary injunctive relief. The court orally declined any temporary relief. Arledge's motion for a temporary restraining order was subsequently denied by written order dated July 29, 1996. Arledge timely filed a notice of appeal, stating that he was appealing from the District Court's denial of his motion for preliminary injunction.

## Discussion

Whether the matter at issue involves strictly a motion for temporary restraining order and/or a request for preliminary injunction is somewhat confused. What is apparent is that Arledge petitioned for some sort of injunctive relief pending prosecution of this lawsuit and that request was ultimately denied. We address the trial court's decision and Arledge's appeal in this context.

The sole issue before this Court is whether the District Court abused its discretion when it denied Arledge's motion for temporary or preliminary injunctive relief. The grant or denial of injunctive relief is a discretionary ruling of the trial court which we will not overturn absent an abuse of discretion. The party seeking injunctive relief must prove his right to the injunction. Smith v. Electronic Parts, Inc. (1995), 274 Mont. 252, 256, 907 P.2d 958, 960 (citing Sebena v. State (1994), 267 Mont. 359, 366, 883 P.2d 1263, 1267). See also First Brands Corp. v. Fred Meyer, Inc. (9th Cir. 1987), 809 F.2d 1378, 1381.

3

Inasmuch as Arledge's Amended Complaint was filed pursuant to 42 U.S.C. § 1983, the District Court properly concluded that, in the context of this action, a temporary restraining order is an extraordinary remedy, requiring demonstration of exceptional circumstances and a clear showing of necessity for protection of constitutional rights. See NAACP v. Gallion (5th Cir. 1961), 290 F.2d 337, 342 (vacated on other grounds).

As to preliminary injunctive relief the federal district court in McClaflin v. Pearce (D.Or. 1990), 739 F. Supp. 537, set forth the applicable standards for the issuance of a preliminary injunction in a § 1983 action as follows:

> The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in his favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.

McClaflin, 739 F.Supp. at 539 (quoting United States v. Odessa Union Warehouse Co-op (9th Cir. 1987), 833 F.2d 172, 174).

Moreover, the United States Supreme Court has stated that, with respect to the requirement of irreparable harm, the threat of injury must be direct, real and immediate, and not conjectural or

4

hypothetical. "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Los Angeles v. Lyons (1983), 461 U.S. 95, 101-02, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675, 684 (citations omitted).

Here, the District Court concluded that Arledge had not met his burden of proof in that he had failed to show that his probability of success on the merits of his suit was high and in that he had failed to show irreparable injury. The court also concluded that Arledge's allegations are speculative; that any future harm is dependent upon actions solely within his control; that he has failed to show that there are serious questions raised; and that the balance of hardships tip in his favor.

On the matter at issue here and without drawing any conclusions one way or the other about the merits of Arledge's underlying suit, we agree with the trial court that neither temporary (nor preliminary) injunctive relief is merited in this case.

The essence of Arledge's demand for injunctive relief, as he frames it, is that the respondents have, and will in the future, punish him for use of the prison grievance system. The testimony given at the May 2, 1996 hearing on Arledge's motion was anything but conclusive, however. While Arledge contended that he was the subject of retaliatory disciplinary action, he also agreed on cross-examination that he was not retaliated against since he was

5

not found guilty of the Class 2 misconduct violations with which he was charged but rather he was found guilty of lesser, and relatively insignificant, Class 3 violations. Moreover, the evidence on what Arledge stated to the correctional officers that prompted the disciplinary write-up in the first place was disputed. There is no evidence that we can glean from the record, save Arledge's own conclusory, speculative and conjectural statements to the contrary, that he will suffer irreparable harm or be the subject of future unlawful treatment or violation of his constitutional rights by prison officials if temporary or preliminary injunctive relief is not granted. There is no evidence of any direct, real and immediate threat of injury or of any continuing, present adverse effects suffered by Arledge.

In short, on basis of our review of the record submitted to this Court on appeal, we agree with the District Court that Arledge failed in his burden to demonstrate the sort of exceptional circumstances and clear necessity that would justify the extraordinary remedy of temporary or preliminary injunctive relief in this case. Accordingly, we hold that the District Court did not abuse its discretion in refusing to grant Arledge's motion for temporary or preliminary injunctive relief.

Affirmed.

_____
Justice

6

We Concur:

_William E Hinckle_

_Karla M. Gray_

_Terry Trieweiler_

_W. William Leaphart_
            Justices