# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **FRED E. DEAN**, | ) | Lauderdale County Circuit Court |
|  | ) | No. 4881 |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9704-CV-00077 |
|  | ) |  |
| **DONAL CAMPBELL, et al.,** | ) |  |
|  | ) |  |
| Defendants/Appellees. | ) |  |
|  | ) |  |

**FILED**

**July 17, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

From the Circuit Court of Lauderdale County at Ripley.
**Honorable Joseph H. Walker, Judge**

**Fred E. Dean**, Pro Se


**John Knox Walkup**, Attorney General and Reporter,
**Stephanie R. Reevers**, Assistant Attorney General
Attorneys for Defendants/Appellees.

OPINION FILED:

**AFFIRMED AND REMANDED**


**FARMER, J.**

**CRAWFORD, P. J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Fred E. Dean, an inmate in custody of the Tennessee Department of Corrections (TDOC) sued Donal Campbell, Robert Conley, Corporal Lane and Officer Maxwell for monetary damages in a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983."[1] The complaint alleges that when Mr. Dean was transferred from one correction facility to another, several items of personal property were missing, to-wit: sweat pants and shirt, plastic bowl, some cosmetics and a prayer rug. He alleges that after writing Commissioner Campbell, he was notified prayer rugs must be no larger than 3 x 5 feet; with a fire retardant label and nonskid back. The complaint alleges that prayer rugs are not made with a nonskid back or fire retardant label. Thus, he alleges that he has been deprived of a prayer rug.

Defendants filed a motion to dismiss the complaint pursuant to Rule 12.02 T.R.C.P. for failure to state a claim upon which relief can be granted and for lack of jurisdiction. The motion was granted and Plaintiff appeals. In considering a Rule 12.02(6) motion to dismiss, we are required to take the allegations of the complaint as true and to construe the allegations liberally in favor of the plaintiff. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984). It admits the truth of all relevant and material affirmance contained in the complaint but asserts that such facts do not constitute a cause of action. *Humphries v. West End Terrace, Inc.*, 795 S.W.2d 128 (Tenn. App. 1990). Mr. Dean alleges that he was deprived of his property without due process in violation of the Fourteenth Amendment and that his prayer rug was confiscated because it did not meet the Department's standards in violation of the First Amendment and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, *et seq*.

No state shall deprive any person of property without due process of law. U.S. Const. amend. XIV, § 1. In *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985), an inmate at the Tennessee State Prison sued to procure the return of property which had been removed from his cell while he was in the hospital. In affirming the district court's dismissal, the 6th Circuit noted that the Supreme Court held in *Parratt v. Taylor*, 451 U.S. 527, 543, (1981),[2] that a prisoner's loss of property due to

---

[1] Donal Campbell is the commissioner of the TDOC, Robert Conley is identified in the complaint as warden at WTHSF and Corporal Lane and Officer Maxwell identified as property room officers at WTHSF.

[2] This case was subsequently overruled by *Daniels v. Williams*, 474 U.S. 327 (1986), wherein the court stated:

the negligence of a state employee was not a violation of due process if the state afforded a means to resolve the alleged loss. The court noted that *Parratt* was followed by *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), *cert. den.*, 469 U.S. 834 (1984), which held that a § 1983 action does not lie if state law provides an "immediate corrective process in its courts," by which the plaintiff could recover his property. *Vicory*, 721 F.2d at 1064. The court held that the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, citing T.C.A. § 9-8-207, [now T.C.A. § 9-8-307(a)(1)(F)], and in the absence of resort to state remedies, a federal court may not assert jurisdiction. T.C.A. § 9-8-307(a)(1)(F) provides that the commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state for negligent care, custody or control of personal property.

Congress shall make no law prohibiting the free exercise of religion. U.S. Const. amend. I. By reason of the due process clause of the Fourteenth Amendment, the provisions of this amendment which forbid congressional legislation with respect to the establishment of religion is equally applicable to state and local governmental bodies. *Wiley v. Franklin*, 468 F.Supp. 133, 143 (E.D. Tenn.1979), *modified on other grounds*, 474 F.Supp. 525 (E.D. Tenn. 1979); 497 F.Supp. 390 (E.D. Tenn. 1980); *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).

Lawful incarceration brings about the necessary withdrawals or limitations of many privileges and rights. A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Challenges to restrictions on those rights must be analyzed in terms of the legitimate policies and

---

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a state prisoner sued under 42 U.S.C. § 1983, claiming that prison officials had negligently deprived him of his property without due process of law. After deciding that § 1983 contains no independent state-of-mind requirement, we concluded that although petitioner had been "deprived" of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's postdeprivation tort remedy provided the process that was due. Petitioner's claim in this case, which also rests on an alleged Fourteenth Amendment "deprivation" caused by the negligent conduct of a prison official, leads us to reconsider our statement in *Parratt* that "the alleged loss, even though negligently caused, amounted to a deprivation." *Id*., at 536-537, 101 S.Ct., at 1913. We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.

*Daniels*, 474 U.S. at 328.

goals of the penal system. ***Pell v. Procunier***, 417 U.S. 817(1974).

In ***McClaflin v. Peace***, 739 F.Supp. 537 (D. Or. 1990), an inmate brought a § 1983 action alleging that the correctional institution deprived him and restricted his rights to practice his religion by not allowing him, among other things, a rosary. The court noted that the rosary is not essential to the practice of the inmate's religion of Catholicism. In the present case, Mr. Dean's complaint does not allege that a prayer rug is essential or a central tenet to the practice of his religion.

Neither a state nor its officials acting in their official capacities are "persons" under § 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58 (1989). There suit was filed in state court against the Michigan Department of State Police and its director. Subsequent to review by the Court of Appeals and the Supreme Court of Michigan, the U.S. Supreme Court held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. The state court judge ruled for petitioner, finding that both respondents were "persons" under § 1983. The state court of appeals vacated the judgment against the department, holding that a state is not a person under § 1983 and remanded for a determination of the director's possible immunity. The state supreme court affirmed in part and reversed in part, agreeing that the state is not a person under § 1983, but holding that a state official acting in his or her official capacity also is not such a person. That judgment was affirmed. The defendants in the present case were clearly sued in their official capacities.

Mr. Dean contends that the confiscation of the prayer rug is violative of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1.[3] However, the Supreme Court of the United States recently held the RFRA to be unconstitutional. ***City of Boerne v. Flores***, No. 95-2074, 1997 WL 345322, (U.S. June 25, 1997). There the Court said:

---

[3]**(a) In general.** Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).
**(b) Exception.** Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person --
    (1) is in furtherance of a compelling governmental interest; and
    (2) is the least restrictive means of furthering that compelling governmental interest.

It is for Congress in the first instance to "determin[e] whether and what legislation is needed to secure the guarantees of the Fourteenth Amendment," and its conclusions are entitled to much deference. *Katzenbach v. Morgan*, 384 U.S., at 651, 86 S.Ct., at 1723-1724. Congress' discretion is not unlimited, however, and the courts retain the power, as they have since *Marbury v. Madison*, to determine if Congress has exceed its authority under the Constitution. Broad as the power of Congress is under the Enforcement Clause of the Fourteenth Amendment, RFRA contradicts vital principles necessary to maintain separation of powers and the federal balance. The judgment of the Court of Appeals sustaining the Act's constitutionality is reversed.

*City of Boerne*, 1997 WL 345322, at *16.

For the foregoing reasons, we believe the trial court was correct in granting the defendants' motion to dismiss. The judgment of the trial court is affirmed and the costs of this appeal are taxed to Mr. Dean, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)