No. 81-319

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

EDWARD ROBERTUS & TIM ROBERTUS,
d/b/a ROBERTUS BROTHERS, a partnership,

        Plaintiffs and Respondents,

   -vs-

ROBERT CANDEE,

        Defendant and Appellant.

---

Appeal from:  District Court of the Sixteenth Judicial District,
              In and for the County of Rosebud,
              The Honorable A. B. Martin, Judge presiding.

Counsel of Record:

    For Appellant:

        John S. Forsythe, Forsyth, Montana

    For Respondents:

        Crowley, Haughey, Hanson, Toole & Dietrich,
        Billings, Montana

---

Submitted on Briefs:  June 30, 1983

Decided:  August 25, 1983

Filed:  **AUG 2 5 1983**

*Ethel M. Harrison*

---
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Candee appeals from judgment following trial without jury in the Sixteenth Judicial Court, Rosebud County, in this action arising from the lease of Candee's ranchland by Robertus Brothers.

In February of 1977, Robertuses orally agreed with Candee to lease 850 acres of broken land from Candee at $20 per acre ($17,000), to be paid for in three installments. They also agreed that Robertuses would lease about 1,250 acres of unbroken prairie land from Candee, break it and farm it at their own expense, with Candee receiving a one-quarter share of the crop, and Robertuses retaining the right to three or four crop years.

The final lease payment of $8,000 on the 850-acre tract was due August 1, 1977; Robertuses did not pay it. Their crop had not been good and they alleged that the oral agreement allowed them to waive the $8,000 payment in the event of crop failure. Those crop proceeds properly went to Robertuses.

In fall of 1977, a dispute arose as to the rental to be paid on the 1,250-acre tract. The parties attempted to renegotiate the lease of this tract and a possible buyback by Candee was discussed. At that time 1,000 acres had been broken, 680 acres disked, and 320 acres planted in wheat on the 1,250-acre parcel, all at the expense of the Robertus Brothers. Because of the renegotiations, the Robertus Brothers stopped planting and by the time they learned the buyback had fallen through, it was too late to plant any more wheat.

In March of 1978, Candee informed Robertuses that they could no longer enter his land and terminated both lease

agreements. Candee harvested and sold the wheat on the 1,250 acres, netting and keeping $26,180.59.

Robertuses brought suit against Candee on the theory of unjust enrichment and quantum meruit, alleging that Candee benefited from their ground-breaking and farming due to his wrongful eviction of them from the 1,250-acre tract. Candee counterclaimed as to the unpaid $8,000 on the 850-acre tract. Evidence taken included the enhanced value of the newly-broken prairie land, the cost of production and the value of the wheat.

The District Court held there were two separate oral leases, one on the 1,250-acre tract, and one on the 850-acre tract. The court held that though the lease on the 1,250-acre tract was unenforceable, Candee had been unjustly enriched in the amount of $55,000. This amount included the increased land value, a three-quarter share of the wheat crop, and/or the value of the work, seed and fertilizer supplied by Robertuses. Candee was to pay interest from March 8, 1978, the day he notified Robertuses they were not to enter his land. The court also held that Robertuses owed Candee the final $8,000 payment on the 850-acre tract.

Candee appeals the $55,000 award to Robertuses. Robertuses do not cross-appeal, but ask for reversal of the $8,000 award to Candee if this Court changes the District Court's findings pursuant to Rule 14, M.R.App.Civ.P.

We will modify the award.

Defendant Candee raises four issues on appeal:

1. Whether plaintiffs are entitled to damages under the theory of unjust enrichment.

2. Whether the District Court awarded a correct measure of damages.

3

3. Whether plaintiffs are entitled to interest prior to judgment.

4. Whether there is substantial evidence in the record to support the value of the ground-breaking work.

Defendant first argues that unjust enrichment is not an applicable theory. The trial court found that in this case the Statute of Frauds precluded plaintiffs from suing on the lease. Where the labor or money of a person has been expended in a permanent improvement which enriches the property of another, under an oral agreement which cannot be enforced under the Statute of Frauds, that person is entitled to an award for the amount by which such improvements unjustly enriches the property. Smith v. Kober (Neb. 1922), 189 N.W. 377; Restatement of the Law, Contracts 2d §375.

However, it is not necessary to reach the question of whether this agreement is within the Statute of Frauds. For, where one party repudiates a contract or breaches it by non-performance, the injured party may seek restitution of the unjust enrichment whether the Statute of Frauds applies or not. Gregory v. Peabody (Wash. 1928), 270 P 825; Restatement of the Law, Contracts 2d §373; Epleveit v. Solberg (1946), 119 Mont. 45, 57, 169 P.2d 722, 729. By defendant's own admission, the plaintiffs were not required to farm the 1250-acre tract during any particular season. Thus the trial court was correct in concluding that the defendant breached and terminated the lease by his actions in March of 1978. There is no question that plaintiff may seek restitution for the unjust enrichment conferred upon the breaching and repudiating defendant in this case.

The second issue raised by the defendant has merit. Defendant argues that the trial court improperly awarded quantum meruit damages for plaintiffs' investment in breaking

4

ground on the 1,250-acre tract, and damages for the value of the improvement to the property. Both measures cannot properly be awarded.

It is not clear, from the District Court's findings of fact and conclusions of law, how the $55,000 award was determined. However, it is apparent that the Court awarded a composite of enhanced land value, custom work, fixed costs and/or crop value.

The theory of unjust enrichment requires that a person who has been unjustly enriched at the expense of another must make restitution to the other. Restatement of the Law, Restitution §1; Tulalip Shores, Inc. v. Mortland (1973), 9 Wash. App. 271, 511 P.2d 1402; 66 Am.Jur.2d Restitution and Implied Contracts §3 (1973). The measure of this equitable restitution interest is either the quantum meruit value of plaintiff's labor and materials or the value of the enhancement to the defendant's property. Restatement of the Law, Contracts 2d §371; 12 Williston, Contracts §1480. To award both would be to give double damages.

In this case the quantum meruit measure of damages would be the market rate for the custom work of ground breaking, fertilizing and planting and the cost of fertilizer and seed. Such measure was found by the trial court to be $29,479.61. The enhancement measure would be the net value of the unharvested crop ($26,180.59) together with the increased value in the 1,000 acres attributable to the ground breaking.

There may be cases where the enhancement to the defendant's property will be far less than the quantum meruit value of the plaintiff's efforts. For example, where the improvement did not enhance the value of the property but did result in a pecuniary saving to the defendant, the enhancement measure would not reflect the unjust enrichment.

5

Conversely, there may be cases where the value of the enhancement greatly exceeds the cost of the improvement, as in this case.

Thus the rule has evolved that the proper measure of damages in unjust enrichment should be the greater of the two measures. Restatement of Law, Contracts 2d §371 comment b; 12 Williston, Contracts §1480.

We adopt this rule. But this rule must be tempered with the idea that it is only so much of the enrichment which is unjust that may be awarded the plaintiff. Madrid v. Spears (10th Cir. 1957), 250 F.2d 51, 54. For example, the cost of surveying a tract of land into lots may be $5,000, while the total value of the subdivided lots may be $50,000 greater than the undivided tract. The landowner is justly entitled to the majority of the increase in value for his risk, idea, decision making and development activity. He is only unjustly enriched to the extent that the unpaid surveyor contributed to or caused the increase.

In this case the 1,000 acres of broken ground experienced an increase in market value of as much as $168,000, while the cost of all labor and materials used in the ground breaking was no more than $29,479.61. Part of the increase in value of the property is attributable to the property owner's risk and decision making in a real estate investment, part is attributable to other improvements to the property and part is attributable to plaintiffs' ground breaking. But it is only the latter part that the defendant is not entitled to, for which he has been unjustly enriched.

It would be very difficult to determine exactly how much of the $168,000 increase is attributable to the ground breaking. However, in an activity such as ground breaking where all of the cost of the activity directly results in the

6

improvement, the reasonable cost of the activity will give a court of equity a fair indication of the enhancement value attributable to such activity. Acc. Madrid v. Spears (10th Cir. 1957), 250 F.2d 51, 54.

In this calculation we will use the figures in plaintiffs' exhibit 11, which were found by the trial court to be the cost of plaintiffs' activities. Since all of the disking and tooling with the exception of the fertilizing and seeding directly resulted in improvement to the property, the cost of the gound breaking appears to be as follows:

```
Disking 680 ac. 3 times   2,040 ac.
        320 ac. 1 time       320
                           ─────
                           2,360  ac.  @  6.23 = $14,702.80
Tool bar 320 ac 3 times      960  ac.  @  3.91 = $ 3,753.60
                                                 ──────────
                                                 $18,456.40
```

Based on this calculation we will assume that the value of the enhancement to the defendant's property attributable to the ground breaking activity is also $18,456.40. In addition, the plaintiffs improved defendant's property to the extent of the value of the unharvested wheat crop, which the trial court found to be $26,180.59. We conclude that the total unjust enrichment as measured by the enhancement to defendant's property is equitably valued at $44,636.99. As this amount is greater than the $29,479.61 quantum meruit measure of unjust enrichment, it is the proper award in this case.

Defendant next challenges the prejudgment interest award. The applicable statute is section 27-1-211, MCA, which provides for recovery of interest where a person is "entitled to recover damages certain or capable of being made certain by calculation." In this case there was no ascertained or ascertainable amount where the plaintiff sought, in a court of equity, restitution for an unquantified measure of unjust

7

enrichment. The trial court erred in awarding prejudgment interest.

Finally defendant argues there is insufficient evidence to support the value of the ground breaking work found by the trial court. Only insofar as the value of the ground breaking work was used to approximate the enhancement in property value attributable to such work does this question remain an issue.

The trial court found plaintiffs' work to be fairly valued by the plaintiffs' expert using a computer calculation based on the type of equipment used, the number of acres involved and the number of applications of the equipment to the acreage, all of which were testified to at trial. Defendant challenges the finding, contending that the foundation for the data and method was insufficient, the assumptions used in the calculation were based on conflicting evidence, and the calculation improperly includes a measure of profit.

Defendant's arguments are unpersuasive. This Court will not overturn findings of fact supported by substantial evidence. Toeckes v. Baker (1980), _____ Mont. _____, 611 P.2d 609, 37 St.Rep. 948; Morgen & Oswood Const. Co. v. Big Sky of Montana (1976), 171 Mont. 268, 275, 557 P.2d 1017, 1021.

Where a trial court's findings are based upon substantial though conflicting evidence they will not be disturbed on appeal unless there is a clear preponderance of evidence against such findings. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939.

The trial court properly considered the plaintiffs' expert testimony and exhibits which were based on assumptions in evidence. The profit margin incorporated into the

calculation is also proper since the cost of services for purposes of unjust enrichment is the market value of replacement services including the profit earned by those rendering the service. In this case, the actual cost of the labor to the plaintiff is irrelevant except as it demonstrates the replacement cost of such labor on the market.

Pursuant to Rule 14 of the Montana Rules of Appellate Civil Procedure, plaintiffs ask this Court to review the trial court's award of $8,000.00 plus interest to the Defendant on the 850-acre lease. Plaintiffs did not cross-appeal this ruling and therefore the judgment cannot be reviewed. Although Rule 14 provides for review by cross-assignment of error, this does not eliminate the necessity for cross-appeal by a respondent who seeks review of rulings on matters separate and distinct from those sought to be reviewed by appellants. Johnson v. Tindall (1981), _____ Mont. _____, 635 P.2d 266, 38 St.Rep. 1763; Francisco v. Francisco (1948), 120 Mont. 468, 470, 191 P.2d 317, 319.

The trial court found that the 850-acre lease was separate from the 1,250-acre lease. Therefore, a challenge to the amount owing on the separate lease raises an issue which is clearly separate and distinct from the issues raised on appeal by defendant.

The judgment and award in this cause is vacated and this case is remanded to the District Court with instruction to enter judgment in accordance with this opinion.

Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices