No. 91-331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

ELSIE S. STORMS, in her capacity as
Trustee of EL-CE Storms Trust,

  Plaintiff and Appellant,

 -vs-

JOSEPH E. BERGSIEKER; SUSAN NOUCHI; ERLING BIRKLEY;
HELEN H. SUTHERLAND; JARED TIPTON WILMARTH; CONNIE
M. VOUTIS; A.K. ROSS; JERRY HICKMAN; and DOES I
through X, inclusive,

  Defendants and Respondents.

FILED

JUL 28 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Ninteenth Judicial District,
      In and for the County of Lincoln,
      The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

  Elsie S. Storms, Pro Se, Trego, Montana.

  For Respondent:

  Daniel W. Hileman; Murray & Kaufman, Kalispell,
  Montana
  Patrick M. Springer, Attorney at Law, Kalispell,
  Montana.

     Submitted on Briefs: January 30, 1992

         Decided: July 28, 1992

Filed:

_____
     Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

In the Nineteenth Judicial District Court for Lincoln County, plaintiff sued to recover a contribution from the co-owners of an easement covering the replacement cost of a bridge which provided access to the defendants' properties. The defendants Nouchi, Sunderland and Wilmarth (defendants), moved for a directed verdict. The motion was granted and judgment was entered for the defendants. Plaintiff appeals. We reverse and remand.

The controlling issue is the following:

Did the District Court properly grant a directed verdict for the defendants?

All of the parties to this action are adjacent landowners near Trego, Montana. Access to all of the parties' properties is by use of an easement road which includes a bridge crossing Fortine Creek. Following is a summary of key facts agreed to by all of the parties as contained in the pretrial order:

1. Construction of the bridge spanning Fortine Creek was started by Cecil H. Storms, husband of the plaintiff on about August 20, 1987, and completed on about September 27, 1987.

2. The bridge is located upon the property of the plaintiff trust.

3. During the time of bridge construction, the defendants were owners as tenants in common of an easement road which begins at the paved road used by the public known as the Fortine Creek Road, and crosses the plaintiff's property and Fortine Creek by means of a single lane bridge.

2

4. As a result of the described court action in Lincoln County, defendants and their spouses on April 3, 1985, obtained a judgment granting them an easement which provided approach to their properties across the Storms property, including the right to use the Fortine Creek bridge.

In the pretrial order the plaintiff contended that the expenditures for labor and materials for construction of the new bridge were reasonable and necessary and amounted to approximately $19,000. She further stated that the previous bridge structure had deteriorated, and therefore, was no longer safe and needed to be replaced. Next, the plaintiff contended that it would be inequitable and unfair and would result in unjust enrichment to allow the defendants to receive an increase in value of their properties as a result of the completion of the bridge project without requiring the defendants to proportionately contribute to the cost of the bridge.

In the same pretrial order the defendants stated that the issue was whether the defendants had been unjustly enriched by construction of the bridge and if so what amount of damages was owed from defendants to the plaintiff.

The District Court stated that the pretrial order superseded the pleadings and would govern the course of the trial.

Plaintiff sought a jury trial. Defendants filed a motion to dismiss the demand for jury trial. The District Court concluded that the basic theory of a claim for unjust enrichment was in equity and concluded that the jury would be retained as an advisory

3

jury only.

Mr. Storms, the husband of the plaintiff, as the one who constructed the bridge, testified as to the deteriorating and unsafe condition of the bridge prior to its 1987 replacement. The uncontradicted evidence also established that Mr. Storms did not contact the three defendants prior to the replacement of the bridge. The evidence also established that the Storms used the bridge on a daily basis while the defendants used the easement much more infrequently as they did not live on their properties.

The evidence submitted by the plaintiffs established that the labor, materials and equipment used for the bridge construction totalled approximately $18,000. After completing the bridge, Mr. Storms sought proportionate contribution from the defendants who refused to pay any part of the cost of replacing the bridge. We also note that under the agreed statement of facts, no party to the action was willing to give up his interest in the easement.

During the jury trial, at the close of the plaintiff's case, the defendants moved for a directed verdict. Their motion was on the grounds that plaintiff failed to prove an increase in value to the defendants' properties as a result of the bridge replacement, and thus failed to prove unjust enrichment. The District Court concluded that in an unjust enrichment case, the measure of damages was the value of the defendants' properties prior to the bridge construction as compared to the value of each of such properties after the bridge construction. The District Court further concluded there had been a failure of proof by the plaintiff to

4

demonstrate such values of defendants' properties before and after bridge construction and that dismissal therefore was appropriate. The District Court granted the directed verdict for the defendants. The plaintiff moved for a new trial and to set aside the order granting directed verdict. The motion was denied. Plaintiff appeals.

Did the District Court properly grant a directed verdict for the defendants?

Under Rule 52(a), M.R.Civ.P., in all actions tried upon the facts with an advisory jury, "the court shall find the facts specially and state separately its conclusions of law." That was not done in this case. In both the motion by the defendants and the order by the court, there was no recognition of the advisory status of the jury. Under the circumstances we will review the issue as though a motion for dismissal for failure of proof had been made and judgment entered finding such a failure of proof on the part of the plaintiff.

Plaintiff contends that the District Court and the defendants applied the improper measure of damages for unjust enrichment. Plaintiff relies upon Robertus v. Candee (1983), 205 Mont. 403, 670 P.2d 540.

In Robertus, lessees sued the lessor of farmland on a theory of unjust enrichment and quantum meruit, contending that the lessor benefitted from the lessee's groundbreaking and farming due to his wrongful eviction of the lessees from the leased land. The Court discussed the theory of unjust enrichment as follows:

5

> The theory of unjust enrichment requires that a person who has been unjustly enriched at the expense of another must make restitution to the other. Restatement of the Law, Restitution §1; . . . <u>The measure of this equitable restitution interest is either the quantum meruit value of plaintiff's labor and materials or the value of the enhancement to the defendant's property</u>. Restatement of the Law, Contracts 2d §371; . . . (Emphasis added).

<u>Robertus</u>, 670 P.2d at 542.

The holding of the <u>Robertus</u> Court is that the measure of the amount to which a plaintiff is entitled on an equitable restitution theory is either the quantum meruit value of the plaintiff's labor or materials, <u>or</u> the value of the enhancement to the defendant's property. The <u>Robertus</u> Court also was careful to point out that "it is only so much of the enrichment which is unjust that may be awarded the plaintiff."

We conclude that the above cited <u>Robertus</u> rule is controlling in the present case. We further conclude that the measure of the unjust enrichment as to any of the three defendants is measured either by the quantum meruit value of plaintiff's labor and materials furnished in the bridge construction, or in the alternative, the value of the enhancement to the defendants' properties. We do not find it necessary to evaluate the determination by the District Court that the plaintiff failed to prove the enhancement in value to the defendant's properties. The record does demonstrate that the plaintiff presented evidence as to the market value of the labor, materials and services expended in replacing the bridge. We therefore conclude that a directed verdict on the basis of failure of proof was not appropriate.

6

Under the theory of unjust enrichment, the obligation of the respective parties is based upon the proportionate benefit to each in connection with bridge construction. The determination of this proportionate benefit will be an issue for consideration by the District Court.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

John Conway Harrison

William E Hunt

R.C. McDonough

Jm Trieweiler

Karla M. Gray
Justices

7

Chief Justice J. A. Turnage concurring:

I specially concur in the majority opinion. I do so primarily because the case is being sent back for a new trial.

My concern is that, under the facts before this Court, I do not believe that the plaintiff is entitled to claim the theory of unjust enrichment.

As the majority opinion states, the defendants were forced to seek judicial intervention in order to establish their right to the easement providing ingress and egress to their properties over the road that crosses the plaintiff Storms' property. After defendants obtained a judgment establishing their easement, the husband of plaintiff Elsie S. Storms, without consultation with the defendants, proceeded on his own volition to repair or replace the bridge, which Storms used on a daily basis and which was used infrequently by defendants.

Storms, in my opinion, was a volunteer in the repair and replacement of the bridge and, as such, should not be entitled to make a claim of unjust enrichment. If this should become the accepted law of Montana, it would be an invitation for a wealthy individual to practice mischief and harassment upon neighbors less economically privileged by officiously making improvements on property and then claiming in a lawsuit that restitution for unjust enrichment should be paid by those neighbors.

> A person who officiously confers a benefit
> upon another is not entitled to restitution
> therefor.

Restatement of Restitution, § 2 (1937). Also,

> A person who, incidentally to the performance
> of his own duty or to the protection or im-
> provement of his own things, has conferred a
> benefit upon another, is not thereby entitled
> to contribution.

Restatement of Restitution, § 106 (1937). The point was made that

Storms herself used the bridge on a daily basis.

In Wendover Road Prop. Owners Ass'n. v. Kornicks (Ohio App.

1985), 502 N.E.2d 226, defendant sought review of a summary

judgment against him on a complaint that he was unjustly enriched

by road, sewer, and water improvements made by plaintiff property

owners association. In reversing and granting final judgment to

defendant, the Court of Appeals of Ohio stated:

> The association made the improvements to
> benefit its participants and did so voluntari-
> ly. The defendant did not consent. Nor was
> there any mistake, emergency, or compulsion
> demonstrated.
>
> . . .
>
> [Defendant] refused to participate in the
> project. Nor can it be argued that the im-
> provements amounted to a duty imposed by law.
>
> . . .
>
> Absent any agreement or statutory authority,
> we conclude that the association may not
> recover for improvements officiously made by
> the association.

Wendover, 502 N.E.2d at 231.

In Dinosaur Development, Inc. v. White (Cal.App. 1 Dist. 1989), 265 Cal.Rptr. 525, plaintiff's plan for a subdivision was approved by local government on the condition that plaintiff must construct a road from the nearest public thoroughfare to defendants' adjacent land, which was otherwise landlocked. Plaintiff sought to recover from defendant adjacent landowners under a theory of unjust enrichment. The California Court of Appeals, First District, held:

> If plaintiff complies with the . . . condition for approval of the subdivision, defendants will benefit. But because the benefit will be incidental to plaintiff's proposed development, it will not be unjust enrichment requiring defendants to make restitution.

Dinosaur, 265 Cal.Rptr. at 530. The court affirmed an order dismissing the complaint.

On retrial of this matter, the claim of unjust enrichment should be a major concern.

Chief Justice

10