JUSTICE WEBER
delivered the Opinion of the Court.
In the Nineteenth Judicial District Court for Lincoln County, plaintiff sued to recover a contribution from the co-owners of an easement covering the replacement cost of a bridge which provided access to the defendants’ properties. The defendants Nouchi, Sutherland and Wilmarth (defendants), moved for a directed verdict. The motion was granted and judgment was entered for the defendants. Plaintiff appeals. We reverse and remand.
The controlling issue is the following:
Did the District Court properly grant a directed verdict for the defendants?
All of the parties to this action are adjacent landowners near Trego, Montana. Access to all of the parties’ properties is by use of an easement road which includes a bridge crossing Fortine Creek. Following is a summary of key facts agreed to by all of the parties as contained in the pretrial order:
1. Construction of the bridge spanning Fortine Creek was started by Cecil H. Storms, husband of the plaintiff on about August 20,1987, and completed on about September 27, 1987.
2. The bridge is located upon the property of the plaintiff trust.
3. Dining the time of bridge construction, the defendants were owners as tenants in common of an easement road which begins at the paved road used by the public known as the Fortine Creek Road, *132 and crosses the plaintiff’s property and Fortine Creek by means of a single lane bridge.
4. As a result of the described court action in Lincoln County, defendants and their spouses on April 3, 1985, obtained a judgment granting them an easement which provided approach to their properties across the Storms property, including the right to use the Fortine Creek bridge.
In the pretrial order the plaintiff contended that the expenditures for labor and materials for construction of the new bridge were reasonable and necessary and amounted to approximately $19,000. She further stated that the previous bridge structure had deteriorated, and therefore, was no longer safe and needed to be replaced. Next, the plaintiff contended that it would be inequitable and unfair and would result in unjust enrichment to allow the defendants to receive an increase in value of their properties as a result of the completion of the bridge project without requiring the defendants to proportionately contribute to the cost of the bridge.
In the same pretrial order the defendants stated that the issue was whether the defendants had been unjustly enriched by construction of the bridge and if so what amount of damages was owed from defendants to the plaintiff.
The District Court stated that the pretrial order superseded the pleadings and would govern the course of the trial.
Plaintiff sought a jury trial. Defendants filed a motion to dismiss the demand for jury trial. The District Court concluded that the basic theory of a claim for unjust enrichment was in equity and concluded that the jury would be retained as an advisory jury only.
Mr. Storms, the husband of the plaintiff, as the one who constructed the bridge, testified as to the deteriorating and unsafe condition of the bridge prior to its 1987 replacement. The uncontradicted evidence also established that Mr. Storms did not contact the three defendants prior to the replacement of the bridge. The evidence also established that the Storms used the bridge on a daily basis while the defendants used the easement much more infrequently as they did not live on their properties.
The evidence submitted by the plaintiffs established that the labor, materials and equipment used for the bridge construction totalled approximately $18,000. After completing the bridge, Mr. Storms sought proportionate contribution from the defendants who refused to pay any part of the cost of replacing the bridge. We also note that *133 under the agreed statement of facts, no party to the action was willing to give up his interest in the easement.
During the jury trial, at the close of the plaintiff’s case, the defendants moved for a directed verdict. Their motion was on the grounds that plaintiff failed to prove an increase in value to the defendants’ properties as a result of the bridge replacement, and thus failed to prove unjust enrichment. The District Court concluded that in an unjust enrichment case, the measure of damages was the value of the defendants’ properties prior to the bridge construction as compared to the value of each of such properties after the bridge construction. The District Court further concluded there had been a failure of proof by the plaintiff to demonstrate such values of defendants’ properties before and after bridge construction and that dismissal therefore was appropriate. The District Court granted the directed verdict for the defendants. The plaintiff moved for a new trial and to set aside the order granting directed verdict. The motion was denied. Plaintiff appeals.
Did the District Court properly grant a directed verdict for the defendants?
Under Rule 52(a), M.R.Civ.P., in all actions tried upon the facts with an advisory jury, “the court shall find the facts specially and state separately its conclusions of law.” That was not done in this case. In both the motion by the defendants and the order by the court, there was no recognition of the advisory status of the jury. Under the circumstances we will review the issue as though a motion for dismissal for failure of proof had been made and judgment entered finding such a failure of proof on the part of the plaintiff.
Plaintiff contends that the District Court and the defendants applied the improper measure of damages for unjust enrichment. Plaintiff relies upon Robertus v. Candee (1983), 205 Mont. 403, 670 P.2d 540.
In Robertus, lessees sued the lessor of farmland on a theory of unjust enrichment and quantum meruit, contending that the lessor benefitted from the lessee’s groundbreaking and farming due to his wrongful eviction of the lessees from the leased land. The Court discussed the theory of unjust enrichment as follows:
The theory of unjust enrichment requires that a person who has been unjustly enriched at the expense of another must make restitution to the other. Restatement of the Law, Restitution § 1;... The measure of this equitable restitution interest is either the *134 quantum meruit value of plaintiff’s labor and materials or the value of the enhancement to the defendant’s property. Restatement of the Law, Contracts 2d § 371;... (Emphasis added).
Robertus, 670 P.2d at 542.
The holding of the Robertus Court is that the measure of the amount to which a plaintiff is entitled on an equitable restitution theory is either the quantum meruit value of the plaintiff’s labor or materials, or the value of the enhancement to the defendant’s property. The Robertus Court also was careful to point out that “it is only so much of the enrichment which is unjust that may be awarded the plaintiff.”
We conclude that the above cited Robertus rule is controlling in the present case. We further conclude that the measure of the unjust enrichment as to any of the three defendants is measured either by the quantum meruit value of plaintiff’s labor and materials furnished in the bridge construction, or in the alternative, the value of the enhancement to the defendants’ properties. We do not find it necessary to evaluate the determination by the District Court that the plaintiff failed to prove the enhancement in value to the defendant’s properties. The record does demonstrate that the plaintiff presented evidence as to the market value of the labor, materials and services expended in replacing the bridge. We therefore conclude that a directed verdict on the basis of failure of proof was not appropriate.
Under the theory of unjust enrichment, the obligation of the respective parties is based upon the proportionate benefit to each in connection with bridge construction. The determination of this proportionate benefit -will be an issue for consideration by the District Court.
Reversed and remanded for further proceedings consistent with this opinion.
JUSTICES HARRISON, HUNT, McDONOUGH, TRIEWEILER and GRAY concur.