No. 91-395

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

C. JOHN MONTGOMERY and MARCELYN MONTGOMERY,

        Plaintiffs and Appellants,

  -vs-

ERNEST F. GOETTLICH, FLORENCE L. GOETTLICH,
and TRENT D. GOETTLICH,

        Defendants and Respondents.



FILED

NOV 9 - 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Jon A. Oldenburg, Attorney at Law, Lewistown,
Montana

    For Respondent:

        John L. Pratt, Ask & Pratt, Roundup, Montana


Submitted on Briefs:  April 15, 1992

Decided:  November 9, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiffs appeal from the summary judgment of the District Court of the Tenth Judicial District, Fergus County, which dismissed their claim for expenses incurred by them after foreclosure and prior to the statutory redemption of certain real estate. We reverse the District Court.

The issues for our determination are:

1. Whether a purchaser at a sheriff's sale is entitled to recover expenses incurred to maintain and prevent waste upon real property from a subsequent redemptioner.

2. Whether a purchaser is entitled to recover rents from the subsequent redemptioner for storage of personal goods and the pasturing of cattle prior to redemption.

In 1988, an action to foreclose the property in question was commenced. At that time, defendants were leasing the property from the owner. A sheriff's sale was conducted on February 24, 1989, and the plaintiffs were the successful purchasers. At that same time, the original owner quit-claimed his statutory right of redemption to the defendants.

The plaintiffs took possession of the property immediately following the sale and discovered that defendant Trent Goettlich had left cattle and personal effects on the premises. This property remained on the premises until defendants redeemed the property on May 25, 1989.

During the period when plaintiffs resided on the property, they performed a number of services, including dam repair,

2

fertilization, and general maintenance. During that period, defendants refused to vacate the premises, and their herd of approximately 140 head of cattle continued to pasture on the property.

Plaintiffs filed their complaint on November 22, 1989, seeking compensation for their services, pasturing of cattle, lost rental value, and interest. Defendants moved for summary judgment, contending that since plaintiffs were not statutorily entitled to possession of the property during the one year period of redemption, no action for loss of rents and profits, nor recovery for improvements was available to them. The District Court concluded that plaintiffs were precluded from recovering the value of improvements because they had full knowledge of defendants' redemptive rights. Also, since all rents and profits received by a purchaser are a credit against money paid to redeem the property under § 25-13-822, MCA, plaintiffs could not claim any losses because no rents or profits were deducted from the redemption price.

From this judgment, plaintiffs appeal.

Section 25-13-821, MCA, states that a purchaser of land at execution sale is not entitled to the possession of that land against the execution debtor if the debtor resides on the property during the period of redemption. Plaintiffs correctly point out that defendants were not the execution debtors, and did not use the property for their home. Nonetheless, defendants continued in their possession of the land by the pasturing of cattle and storing

3

personal property on the land. Plaintiffs were clearly entitled to rents and profits during that period. However, any rents or profits would have been a credit against the amount paid to redeem the property. The District Court was correct in its determination that plaintiffs could not claim lost rents and profits. This conclusion also pertains to the pasturing of cattle, even though defendants had no statutory right to continue to do so. Any rents plaintiffs might have received for grazing would have been credited to defendants' redemption price. Since no rents were credited against the redemption price, plaintiffs were not damaged by defendants' failure to pay them.

We do, however, find merit in plaintiffs' argument of unjust enrichment. The theory of unjust enrichment requires that a person who has been unjustly enriched at the expense of another must make restitution to the other. *Robertus v. Candee* (1983) 205 Mont. 403, 670 P.2d 540. Nothing in Montana's statutory redemption laws precludes a purchaser from receiving the fair value of services rendered or expenses reasonably incurred to maintain property prior to redemption. The measure of equitable restitution is either the *quantum meruit* value of a plaintiff's labor, or the value of the enhancement of a defendant's property. Restatement (Second) of Contracts § 371 (1981); Williston, Contracts § 1480 (1970). We hold that plaintiffs are entitled to recover expenses incurred to maintain and prevent waste upon real property under the theory of

4

unjust enrichment, and that summary judgment on that issue was improper.

Accordingly, we affirm the judgment of the District Court, dismissing Count II of plaintiffs' complaint, and we reverse the judgment of the District Court which dismissed Count I. This case is remanded for further proceedings consistent with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____
_____
_____
Justices

Chief Justice Turnage concurring in part and dissenting in part:

I agree with the majority that a purchaser of land at execution sale is not entitled to claim lost rents and profits because those would be a credit against the amount paid to redeem the property pursuant to §§ 25-13-802 and -822, MCA. However, I respectfully disagree with the majority's reversal of summary judgment and its remand of this case for determination of whether the Montgomerys are entitled to recover expenses incurred to maintain and prevent waste upon the property under a theory of unjust enrichment.

Unjust enrichment is an equitable theory which has been recognized in Montana since at least 1922. See Butler v. Peters (1922), 62 Mont. 381, 205 P. 247. This Court has, in the past, recognized restrictions on application of the theory.

In Butler, this Court held that unjust enrichment did not apply to entitle a corporation to recover against its director for incurring a debt on behalf of the corporation and failing to file a required annual report. The Court noted that the director gained nothing by failing to file the report and that the statute which required the report to be filed did not require proof that the director misled, imposed upon, or injured the corporation. Butler, 205 P. at 249.

In Brown v. Thornton (1967), 150 Mont. 150, 156, 432 P.2d 386, 390, this Court held that the mere fact that defendants benefitted

6

by plaintiff's acts was not of itself sufficient to require defendants to make restitution therefor under a theory of unjust enrichment, absent some element of misconduct or fault of some sort on the part of defendant.

In Ruegsegger v. Welborn (1989), 237 Mont. 317, 773 P.2d 305, this Court held that holdover tenants were not entitled, under a theory of unjust enrichment, to the value of planting and harvesting crops which they lost when the owners reentered the property. The Court reasoned that the tenants were not holding the property under color of title or under a reasonable mistaken belief that they were entitled to ownership of the property. Ruegsegger, 773 P.2d at 308.

In Randolph V. Peterson v. J.R. Simplot Co. (1989), 239 Mont. 1, 8-9, 778 P.2d 879, this Court again held that the theory of unjust enrichment did not apply, because there was no advantage gained and no wrongdoing shown on the part of the party which was allegedly unjustly enriched.

In the present case, the majority's holding expands the theory of unjust enrichment to allow recovery for any expenses reasonably incurred to maintain and prevent waste upon real property, regardless of whether defendants' wrongful acts caused the expenses and regardless of whether plaintiffs reasonably believed that they were entitled to ownership of the property (which they were not, until the redemption period expired). I would not so readily abandon

7

longstanding restrictions on application of the theory of unjust enrichment.

Section 25-13-802, MCA, provides:

The judgment debtor or redemptioner may redeem the property from the purchaser any time within 1 year after the sale on paying the purchaser:

(1) the amount of his purchase with interest at a rate established by the judgment in the action that led to the execution sale, up to the time of redemption;

(2) the amount of any assessment or taxes which the purchaser may have paid thereon after purchase and interest on such amount;

(3) the amount of any repairs, maintenance expenses, or other expenditures that the purchaser may reasonably have made after purchase for the maintenance of the property, with interest on the amounts from the date of expenditure; and

(4) if the purchaser is also a creditor having a prior lien to that of the redemptioner other than the judgment under which such purchase was made, the amount of such lien with interest.

There is absolutely no basis to inject a theory of unjust enrichment in this case in order to reach a result that would reward the Montgomerys. Section 25-13-802(3), MCA, provides a basis under the redemption statute that has nothing to do with unjust enrichment if the facts would support an award of repairs, maintenance, or other expenditures. The District Court's decision does not find or support the existence of any such facts in the record, and, therefore, § 25-13-802(3), MCA, is not a basis for rewarding the Montgomerys. The District Court made its decision

8

upon substantial credible evidence and there has been no error at law. Therefore, under our standard of review, the District Court should be affirmed.

It must be further noted that the Montgomerys were fully aware at the sheriff's sale of the right of redemption contained in the statutes. <u>On the same date the sheriff's certificate of sale was issued</u>, the Montgomerys entered into a contract to sell a portion of the redeemed property to a third party. Their contract stated:

> That both parties acknowledge that there is a possibility that the subject property may be redeemed by the foreclosure debtor or his assigns. That should Sellers become dispossessed from the property, or the same be redeemed, they shall refund Buyers purchase price, plus interest at the rate of six percent (6%) per annum, minus any costs or expenses reasonably incurred by Sellers.

The Montgomerys were entitled to possession of the redeemed property for a relatively short period of time, from February 28, 1989, to May 25, 1989, or fifty-six days. During this period the Montgomerys were well aware the property was subject to redemption.

I would affirm the decision of the District Court.

<br>

Chief Justice

November 9, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


JON A. OLDENBURG
Attorney at Law
309 Bank Electric Building
Lewistown, MT  59457

John L. Pratt
ASK & PRATT
226 Main Street
P.O. Box 685
Roundup, MT  59072


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy