No.  92-100

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992


CREDIT ASSOCIATES, INC.,

       Plaintiff and Respondent,

-vs-

DAVID C. MOGAN,

       Defendant and Appellant.

FILED

DEC 3 - 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the 17th Judicial District,
In and for the County of Valley,
The Honorable Leonard H. Langen, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

         David C. Mogan, Pro Se, Hinsdale, Montana

      For Respondent:

         Dirk Larsen, Larsen and Neill, Great Falls, Montana


Submitted on Briefs:  July 30, 1992

Decided:  December 3, 1992

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Seventeenth Judicial District, Valley County, the Honorable Leonard Langen presiding. The matter was tried without a jury and the appellant David C. Mogan (Mogan) appeals from the order and judgment. We affirm.

The issues presented for review are:

1. Whether the District Court erred when it struck out Mogan's counterclaim and third party complaint and prevented Mogan from seeking relief thereon.

2. Whether the District Court erred when it awarded $5,198.99 pursuant to Rule 37(c), M.R.Civ.P., for the purported failure of Mogan to admit the genuineness of certain documents submitted by respondent Credit Associates, Inc.

The dispute herein lies in Mogan's failure to pay certain charges made on credit cards that he obtained from two companies: the Sinclair Oil Company and Tandy Credit/Radio Shack. These cards were used to charge merchandise in the amount of $1,402.57 (Sinclair) and $5,102.86 (Tandy). No payment was made on either balance. These amounts were subsequently assigned to Credit Associates, Inc. for collection and this action was filed.

Thereafter, Mogan filed a motion to vacate service of process on the grounds that the sheriff failed to exhibit the original summons to Mogan personally and instead served him with a copy of the summons. Mogan failed to pay the required $40 filing fee, but the court clerk filed his motion without it. Electing not to strike the motion, as he was authorized to do, Judge Langen entered

2

the following order on December 20, 1989:

1.  The Defendant's Motion to Vacate Service is denied.

2.  The Defendant shall pay the $40.00 filing fee.

3.  The Defendant has 10 days within which to serve and file his Answer.

4.  The Clerk of Court is ordered to accept no further papers from this Defendant, or for that matter from any party, without payment of filing fees as required under § 25-10-403, MCA.

The court found Mogan's Motion to Vacate Service "totally without merit" because Rule 4D(2), M.R.Civ.P., requires only that "a copy of the summons and of the complaint" be delivered to the defendant. The court reduced the time for filing an Answer from twenty days to ten as "a small penalty for this Defendant trying to escape the entry of a Default by nonpayment of the filing fee and through filing of a spurious pleading."

On March 14, 1990, Mogan filed a "Motion to Reconsider and Memorandum in Support Thereof Concerning Defendant's Motion to Vacate Service" and a "Motion for Reconsideration of Order dated 12-20-89 and Request for Oral Argument." On July 2, 1991, Judge Langen responded in a "Memorandum Opinion and Order" from which we quote:

This is really a very simple case. . . . Credit Associates, Inc., Plaintiff [Respondent] has attempted to collect the sum of $6,743.36 from Mogan. Instead of complying with my order of December 20, 1989, and filing his Answer, [Mogan] has barraged the Clerk of Court with a barrage of so-called legal documents, which included a Motion to Reconsider, a Motion for Oral Argument, a Motion for Partial Summary Judgment, and a few others. . . . Accompanying these Motions are so-called Briefs. In none of these Briefs does Mogan deny that he owes the amount. [Emphasis added.]

Judge Langen went on to say that he did not intend to spend any

3

more time reviewing the "irrelevant, foolish and trivial pleadings" that Mogan had filed in this case, and that "either Mogan owes the $6,743.36 prayed for in the [Credit Associates'] Complaint, or he owes part of it, or he doesn't owe any part of it." The court then set the matter for a non-jury trial and ordered Mogan to file his answer in ten days or a default judgment would result. A copy of Judge Langen's July 2, 1991 Order is attached as an Appendix to this Opinion.

On July 12, 1991, Mogan filed an Answer, Counterclaim and Third Party Complaint, along with a demand for a jury trial (withdrawn by Mogan in December 1991). In his order dated September 3, 1991, setting the case for jury trial on October 25, 1991, Judge Langen noted that Mogan had disobeyed his previous order by filing a counterclaim and third party complaint, raising "the same frivolous issues" referred to in the court's Memorandum Opinion and Order of July 2, 1991. The September 3, 1991 Order also stated that "the attempt of the Defendant to raise these additional frivolous issues contrary to the Court's Order dated July 2nd, shall subject the Defendant to Rule 11 Sanctions."

The September 3, 1991 order struck Mogan's counterclaim and third party complaint and limited the issues to be tried by jury as follows:

> [Mogan's] Answer constitutes a general denial of the Plaintiff's Complaint and shall remain as a pleading. The Complaint and Answer frame the issues to be tried before the jury. No other issues shall be submitted to the jury. [Emphasis added.]

After numerous other actions filed by Mogan, including a demand for a twelve-person jury, which was denied pursuant to § 3-15-106, MCA, and an unsuccessful attempt to disqualify or substitute the district judge, the matter was finally tried to the

4

court sitting without a jury on December 19, 1991, where Mogan appeared pro se. The court heard testimony and examined the proof offered by the respective parties. It found that Mogan owed Tandy/Radio Shack $5,072.85 and Sinclair Oil Corporation $1,402.57, plus interest computed from April 18, 1989 on both accounts, and that these claims had been assigned to Credit Associates, Inc. Finding that Credit Associates was entitled to a reasonable attorney's fees under the terms of the credit card agreements and to attorney's fees and expenses pursuant to Rule 37(c), M.R.Civ.P., the court directed that judgment be entered in favor of Credit Associates, Inc. in the amount of $13,181.78. This total includes $2,858.43 for attorney's fees and attorney's expenses; $2,040.56 for witness expenses, and $139.40 for costs and fees. The court reduced attorney's fees by $300 because some of the copies of charge slips sent to Mogan were illegible.

We affirm this judgment and conclude that the District Court properly denied the counterclaim and third-party complaint because they were frivolous. Because Mogan failed to admit the genuineness of the documents supporting Credit Associates' claims, which were later proved genuine, we also hold that the court properly awarded attorney's fees and witness expenses pursuant to Rule 37(c).

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

5

_____

_____
P. C. McDonough

_____

_____
Justices

APPENDIX TO NO. 92-100

OFFICE CLERK OF DISTRICT COURT
VALLEY COUNTY
FILED

JUL 2 1991

PATRICIA A. HILL, CLERK

MONTANA SEVENTEENTH JUDICIAL DISTRICT COURT, VALLEY COUNTY

CREDIT ASSOCIATES, INC.

        Plaintiff,

    vs.

DAVID C. MOGAN,

        Defendant.

Valley County
Cause No. 16826

MEMORANDUM OPINION
AND ORDER

DAVID C. MOGAN,

        Third Party
        Plaintiff,

    vs.

SINCLAIR OIL CO., COLLECTION
CENTER OF WYOMING; CREDIT
ASSOCIATES, INC., of GREAT FALLS;
TANDY CREDIT/RADIO SHACK; LARSEN
& NEILL and DIRK LARSEN,

        Third Party
        Defendants.

* * * * * * * * * * * * *

On July 1, 1991, I spent several hours reviewing this file.

The last time I had completely reviewed this file was on December 20, 1989. On that date I prepared a Memorandum Opinion and Order Denying Mogan's Motion to Vacate Service of Process.

APPENDIX-1

This Memorandum Opinion was prepared in connection with Mogan's "SPECIAL MOTION TO VACATE SERVICE AND MEMORANDUM IN SUPPORT THEREOF." Mogan had argued that I should make a Court Order vacating the service of process upon him on the grounds that the Sheriff had failed to personally exhibit to Mogan the original Summons, and instead had only served him with a copy of the Summons.

I denied this Motion, and Ordered as follows:

(1) Defendant's Motion to Vacate Service is denied.

(2) Defendant shall pay his $40.00 filing fee forthwith.

(3) The Defendant has 10 days within which to serve and file his Answer.

(4) The Clerk of this Court is Ordered to accept no further papers from the Defendant, or for that matter from any party, without the paying of filing fees as required under Sec. 25-10-403, M.C.A..

This is really a very simple case. In this case, the Credit Associates, Inc., Plaintiff, has attempted to collect the sum of about $6,743.36 from Mogan.

Instead of complying with my Order of December 20, 1989, and filing his Answer, Defendant has barraged the Clerk of Court with a barrage of so-called legal documents, which include a Motion to Reconsider, a Motion for Oral Argument, a Motion for Partial Summary Judgment, and a few others that I can't remember.

Accompanying these Motions are so-called Briefs. In

APPENDIX- 2

none of these Briefs does Mogan deny that he owes the amount.

Instead, Defendant has long arguments claiming that the Plaintiff violated 15 U.S.C., Sec. 1692 (e) 9. He quotes from an ABA Decision, C-735/Informal Ethics Opinions (ABA) 323 (1975).

He wants me to take judicial notice of the fact that the Plaintiff's Complaint was prepared by a "lay person" who was not authorized to practice law, and that this has been specifically prohibited by enactments of the Congress of the United States.

He goes into some detail about the legislative history of F.D.C.P.A., which was signed at a White House Ceremony on September 20, 1977, and became law on March 20, 1978.

Mogan points out that Congressman Annunzio sheparded the original bill and its successors through several redrafts and through years of debate and negotiation.

This Defendant, David Mogan, is not new to the Montana Seventeenth Judicial District Court. Defendant has filed numerous lawsuits in the counties making up the Seventeenth Judicial District. Generally, he appears Pro Se.

His pleadings generally follow an established modus operandi consisting mainly of filing a barrage of irrelevant pleadings which can totally engulf the Court system. If the presiding Judge were to attempt to read all of these documents and attempt to answer them, it would engulf the system.

Most of Mogan's cases are not of great consequence, and

APPENDIX- 3

in the ordinary course of business, the above-entitled case should be handled quite quickly.

However, this is impossible in any case involving David Mogan. Judge Thomas, who has a very patient, kindly disposition, finally had enough. He placed Mogan in jail for more than a week in order to convince Mogan to stop his dilatory methods.

Only time will tell whether Judge Thomas' use of jail has induced Mogan to improve his conduct before this Court.

I have just spent several hours reviewing the above captioned case file - time which I should have been spending on other more important cases which are terribly delinquent because of my inability to find the time to handle them.

I do not intend to spend any more time on this case in the review of such irrelevant, foolish and trivial pleadings as Mogan has filed in this lawsuit.

When I reviewed this file on December 20, 1989, I anticipated that this file could conceivably triple in volume if I failed to take some action. I could have applied money sanctions on the Rule 11, M.R.C.P., or possibly found reason to use jail incarceration under the Contempt power of the Court. Instead, I exercised a simple procedure.

I told the Clerk not to file any more of Mogan's documents in this file. She has been instructed to keep them in a separate file folder, unfiled, and labeled as Civil File No. 16826CR. I leave it to your imagination as to the origin

APPENDIX-4

of the letter CR.

This is a simple case. Either Defendant Mogan owes the $6,743.36 prayed for in Plaintiff's Complaint, or he owes part of it, or he doesn't owe any part of it.

I think we can solve this issue very simply.

THEREFORE, IT IS ORDERED as follows:

(1)     Defendant has 10 days within which to file his Answer, which shall admit or deny that he owes the sum or sums alleged in Plaintiff's Complaint.

(2)     If Mogan fails to file an Answer within this time, I shall Order that Defendant's Default be entered.

(3)     That this case be set for trial before the Court, without a jury, to commence at 9:00 A.M. on Tuesday, the 13th day of August, 1991, in the Courtroom of the Valley County Courthouse at Glasgow, Montana.

DATED this 2nd day of July, 1991.

_____
Judge of the District Court

689DC

APPENDIX- 5

Justice Karla M. Gray, concurring in part and dissenting in part.

I concur in the opinion of the majority on issue two. I dissent from that opinion, however, on issue one. As we recently stated in Grenz v. Fire and Cas. of Connecticut (Mont. 1992), ___ P.2d ___, ___, 49 St.Rep. 917, 918:

> We must be ever vigilant . . . in ensuring that human propensities to frustration over seemingly endless litigation do not result in less than the full and fair consideration on legal principles to which litigants are entitled in Montana's courts.

Neither the District Court nor the majority of this Court offers any legal authority or support for the action taken with regard to Mogan's pleadings. It appears that the dismissal of those pleadings was based on the District Court's understandable frustration rather than on a full and fair consideration of applicable legal principles. I cannot agree.

_____
Justice

7

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

The arbitrary manner in which the District Court dismissed the defendant's counterclaim and third-party complaint violated Montana's Rules of Civil Procedure and defendant's constitutional right to due process. It was as clear an abuse of judicial authority as I have seen.

While the majority may approve of the result accomplished, that is no excuse for ignoring the law and the facts in this case.

Plaintiff filed its complaint on September 14, 1989. In response to the complaint, defendant filed a motion to vacate service for the reason that defendant felt he had not been served correctly with the summons and complaint. That motion was denied on December 20, 1989. Defendant subsequently moved to reconsider the denial of his motion and filed several additional motions. Instead of simply granting or denying those motions on their merits, the District Judge entered a five page written tirade berating the defendant for taking up his time which could better be spent on other matters. In his opinion dated July 2, 1991, the District Judge stated:

> I have just spent several hours reviewing the above-captioned case file - time which I should have been spending on other more important cases which are terribly delinquent because of my inability to find the time to handle them.
>
> I do not intend to spend any more time on this case in the review of such irrelevant, foolish and trivial pleadings as Mogan has filed in this lawsuit.
>
> . . . .

8

This is a simple case. Either defendant Mogan owes the $6743.36 prayed for in Plaintiff's Complaint, or he owes part of it, or he doesn't owe any part of it.

I think we can solve this issue very simply.

THEREFORE, IT IS ORDERED as follows:

(1) Defendant has 10 days within which to file his Answer, which shall admit or deny that he owes the sum or sums alleged in Plaintiff's Complaint.

Mogan complied with the District Court's order and filed his answer on July 12, 1991. With his answer he filed a counterclaim and a third-party complaint. In his answer, he asserted the affirmative defense that the complaint failed to state a claim upon which relief could be granted, and also denied the allegations which were made in plaintiff's complaint.

For his counterclaim, defendant alleged that plaintiff had violated the Fair Debt Collection Practices Act found at 15 U.S.C. § 1692 (1977). That Act prohibits certain activities by collection agencies and provides a cause of action for violations of the Act. Pursuant to 15 U.S.C. § 1692k(d) (1977), a claim for violation of the Act can be brought in either federal or district court. Pursuant to the Montana Rules of Civil Procedure, this claim, if related to the collection of this debt, was a compulsory counterclaim; and pursuant to the statute of limitations provided for in the Federal Act, it had to be brought within one year from the time that the violation occurred.

Defendant's counterclaim also alleged that the merchandise which was the consideration for the debt plaintiff alleged was not

9

merchantable; and that the merchants which the plaintiff represented had not acted in good faith.

Regardless of whether Mogan had a history of being involved in prior litigation, or whether he was considered a nuisance by this particular District Judge, he had a right under our rules of civil procedure and under Article II, § 17, of the Montana Constitution, to due process of law. In the Seventeenth Judicial District Court, in Valley County, Montana, he received none.

Without the benefit of any discovery, or any motion to dismiss the counterclaim and third-party complaint, and without the benefit of any briefing or argument, the District Court acted *sua sponte* on September 3, 1991, to dismiss both the counterclaim and the third-party complaint. In its order, the District Court simply stated:

> The Counterclaim and Third Party Complaint raised the same frivolous issues referred to in my Memorandum Opinion and Order dated July 2, 1991; and therefore, shall be stricken.
>
> Furthermore, the attempt of the Defendant to raise these additional frivolous issues contrary to the Court's Order dated July 2nd, shall subject the Defendant to Rule 11 Sanctions.

There is no authority for the District Judge's conclusion that the counterclaim and third-party complaint are frivolous. There is no basis in the record for any conclusion that they are frivolous, and the District Judge did not bother to offer any rationale for arriving at his conclusion.

10

I have heard of frontier justice, but this is ridiculous. There is no basis in this record for affirming the actions of the District Court.

The majority finds it noteworthy that defendant's counterclaim and third-party complaint were prohibited by the District Court's memorandum opinion entered on July 2, 1991. However, there is no explanation for why the District Judge had any authority to preclude defendant from filing his counterclaim and third-party complaint in the earlier memorandum.

The majority simply repeats the District Court's conclusion that the issues raised by the counterclaim were frivolous. However, nowhere in the majority opinion nor in the District Court orders is there any explanation of why the counterclaim and third-party complaint were frivolous. Apparently the theory is that if the court says it is frivolous, it is frivolous. However, it seems to me that the party whose claims have been dismissed has a right to some explanation of the manner in which his pleading is defective so that he can cure it, if possible. There is no explanation here because there was no record upon which a conclusion could be drawn that the pleadings were frivolous.

I suppose that our rules of civil procedure can be cumbersome and an imposition on district courts, and that justice would be more expeditious if we deferred completely in every case to the District Judge's gut reaction. However, it appears to me that our rules of civil procedure have served us well in the past and should not be abandoned on this occasion simply because the Judge in the

11

Seventeenth Judicial District has "other more important cases" with which to concern himself.

For these reasons, I dissent from the opinion of the majority.

_____
Justice

Justice William E. Hunt, Sr., concurs in the foregoing dissent of Justice Trieweiler.

_____
Justice

12

December 3, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

David C. Mogan
P.O. Box 366
Hinsdale, MT  59241

Dirk Larsen
Attorney at Law
P.O. Box 1692
Great Falls, MT  59403

Hon. Leonard H. Langen
District Court Judge
P.O. Box 1110
Glasgow, MT  59230

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy