No.   92-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

ALEX B. MOGAN, PAUL B. MOGAN,
MARLIN R. MOGAN, EDWIN MOGAN,
JOHN W. MOGAN, JOHN GILBERT MOGAN,
DAVID C. MOGAN, d/b/a MOGAN & SONS,

 Plaintiff and Appellants,

vs.

CARGILL, INC., and AL STERNBERG,

 Defendants and Respondents.



FILED

JUL 20 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Seventeenth Judicial District,
    In and for the County of Valley,
    The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

  For Appellants:

    David C. Mogan, Lewistown, Montana, pro se

  For Respondents:

    Robert L. Sterup, Dorsey & Whitney, Billings,
    Montana

        Submitted on Briefs:   June 17, 1993

            Decided:   July 20, 1993

Filed:

         Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

David C. Mogan appeals the Order of the District Court of the Seventeenth Judicial District, Valley County, which granted summary judgment to the defendant on the basis of the statute of limitation for contracts for the sale of goods. We affirm.

The sole issue on appeal is whether the District Court applied the correct statute of limitation in this action for breach of a contract for the sale of grain.

Alex B. Mogan, Paul B. Mogan, Marlin R. Mogan, Edwin Mogan, John W. Mogan, John Gilbert Mogan, and David C. Mogan, d/b/a Mogan & Sons (Mogans) filed a complaint on May 21, 1991, alleging that Cargill, Inc. and Al Sternberg had breached a contract to purchase 85,000 bushels of wheat at $3.75 per bushel. Mogans claimed that Al Sternberg, an employee of Cargill, Inc., agreed to purchase the wheat on May 23, 1986.

On May 23, 1986, Sternberg purchased 50,000 bushels of wheat from Mogans pursuant to an agreement with Alex Mogan, father of appellant David C. Mogan. A written agreement was executed for this transaction. The record indicates that this was the normal practice between the parties for grain sales. Later in the afternoon of May 23, 1986, Alex Mogan again contacted Sternberg and offered to sell an additional 85,000 bushels of wheat for the same price. Sternberg advised Alex Mogan that he could not purchase that amount so close to 5:00 p.m. without consulting with Cargill, Inc.'s area merchant.

Alex Mogan contacted Sternberg again on either May 25th or

2

26th to inquire whether the offer was accepted by Cargill, Inc. Sternberg advised Mogan that Cargill, Inc. would not purchase the additional 85,000 bushels of grain for that price. Subsequently, on May 28, 1986 and June 13, 1986, Alex Mogan executed written contracts for other grain sales.

On July 5, 1986, David C. Mogan wrote a letter to Cargill, Inc. demanding compensation for breach of a contract to purchase 85,000 bushels, claiming the grain was sold on May 23, 1986. Cargill, Inc. responded to this letter on July 28, 1986, advising David C. Mogan that it was Cargill, Inc.'s position that there was no contract.

Although Mogans were represented by counsel in this action before the District Court, they are not so represented on appeal. David C. Mogan, acting "in propria persona," is not an attorney licensed to practice law in Montana. Therefore, he may only represent himself and is the only appellant in this action.

Did the District Court err in determining that the four-year statute of limitation for contracts for the sale of goods barred this action?

The contract in issue is an alleged oral contract for the sale of 85,000 bushels of wheat. The District Court determined that § 30-2-725, MCA, sets forth the limitation period for an action such as this. That section provides in pertinent part:

> **Statute of limitations in contracts for sale.** (1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. . . .

3

Section 30-2-725(1), MCA.

Appellant contends that § 27-2-202(2), MCA, provides the appropriate period to bring an action for an oral contract for the sale of grain. Section 27-2-202(2) provides:

**Actions based on contract or other obligation. . . .**

(2) The period prescribed for the commencement of an action upon a contract, account, or promise not founded on an instrument in writing is within 5 years.

Appellant contends that § 27-2-202(2), MCA, is the more specific statute because of the words "not founded on an instrument in writing." We do not agree.

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Where the issues raised on appeal are questions of law, this Court will affirm the District Court's order granting summary judgment if the movants were entitled to judgment as a matter of law. Evans v. Montana Nat'l Guard (1986), 223 Mont. 482, 726 P.2d 1160. The standard of review applied by this Court is the same as that initially used by the District Court. Kelly v. Widner (1989), 236 Mont. 523, 771 P.2d 142.

In this case, the District Court wrote a clear opinion analyzing §§ 27-2-202(2) and 30-2-725(1). We agree with that analysis. Section 27-2-202(2), MCA, is a general statute of limitation covering actions on contracts. Section 27-2-105, MCA, provides that civil actions must be commenced within the time

4

prescribed in part 2 "except when another statute specifically provides a different limitation."  Section 30-2-725(1), MCA, specifically provides for a different limitation--four years--for contracts for the sale of goods.

The Official Comment to § 2-725 of the Uniform Commercial Code states:

> **Purposes:**  To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred.  This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice.  This is within the normal commercial record keeping period.

Contracts for the sale of wheat come within the definition of "goods" and are governed by the provisions of the Uniform Commercial Code for sales which has been adopted in Montana and is set forth in §§ 30-2-101 through 30-2-725, MCA.  See, specifically, § 30-2-103, MCA, and 30-2-105(1), MCA.

We conclude the appropriate statute of limitation to apply to this proceeding concerning an alleged contract for the sale of wheat is the four-year period provided for in § 30-2-725(1), MCA. Appellant's claim accrued no later than May 26, 1986.  Because Mogans' complaint was filed on May 21, 1991, more than four years after the claim accrued, it is barred by the statute of limitation set forth in § 30-2-725(1), MCA.

We hold the District Court properly dismissed Mogans' claim

5

because it was barred by the four-year statute of limitation for sales contracts.

Cargill, Inc. has asked this Court to award it reasonable attorney fees and costs incurred in responding to "this frivolous appeal." We note that David C. Mogan has presented similarly imperceptive arguments in other cases previously before this Court. See e.g., Credit Associates, Inc. v. David C. Mogan (1992), 255 Mont. 307, 843 P.2d 321 (district court properly denied counterclaim and third-party complaint as being frivolous); and Mogan v. Montana Pub. Serv. Comm'n, No. 93-159, (Mont. July 1993), ___ P.2d ___ (affirmed district court dismissal of appeal for failure to state a claim upon which relief could be granted).

In Huffine v. Boylan (1989), 239 Mont. 515, 517, 782 P.2d 77, 78, we stated:

> While this Court accommodates pro se litigants when possible, Huffine is no stranger to litigation. He has been involved in thirteen District Court cases and has attempted several appeals.

David C. Mogan is also no stranger to litigation. In each of the cases listed above, David C. Mogan represented himself. In each case, he filed numerous motions with the district court or the administrative agency. David C. Mogan also appealed in Mogan v. City of Harlem (1989), 238 Mont. 1, 775 P.2d 686, in which this Court affirmed the district court and termed Mogan's arguments "meritless."

Sanctions are properly awarded if an attorney or a party fails to abide by the mandate of Rule 11, M.R.Civ.P., which states in

6

pertinent part:

> . . . The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper . . . that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . . If a pleading, motion, or other paper is signed in violation of this rule, the Court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including reasonable attorney's fee.

David C. Mogan's appeal is not warranted by existing law and he has not made a good faith argument for a change in the existing law. The standard for imposing sanctions is that of reasonableness under the circumstances. Brown v. Jensen (1988), 231 Mont. 340, 350, 753 P.2d 870, 876. We conclude David C. Mogan's appeal was taken without substantial or reasonable grounds in these circumstances. Therefore, according to Rule 32, M.R.App.P., this Court orders that sanctions be imposed upon David C. Mogan in the amount of $500.00 to be paid to Cargill, Inc. to help defray litigation costs.

Affirmed.

_____
Justice

We Concur:

_____

7

Karla M. Gray

_____

_____
Justices

July 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

David C. Mogan
P.O. Box 21
Lewistown, MT 59457


Robert L. Sterup
Dorsey & Whitney
P.O. Box 7188
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy