NO.   94-218

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JOSEPH  SEBENA,  DANIEL  SEBENA  and
SEBENA  PAVING,  INC.,  a Montana Corp.
        Plaintiffs,

    -v-

STATE  OF  MONTANA,  et al.
        Defendants,

-------------------------------------

ROGER  JONES.  MARLENE  JONES,  and
DONNA  WALKER,
        Cross-Claim  Plaintiffs,  &
        Appellants,

    -v-

STATE  of  MONTANA,
        Cross-Claim  Defendant  and
        Respondent.


APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

        Eula  Compton,  Missoula,  Montana

        For Respondent:

        John H. Tarlow, Landoe, Brown, Planalp and Braaksma,
        Bozeman, Montana: Roy H. Andes, Montana Department
        of State Lands, Helena, Montana


Submitted on Briefs:   August 18, 1994

                Decided:   November 7, 1994

Filed:  *Ed Smith*
   CLERK OF SUPREME COURT
      STATE OF MONTANA

                      Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the grant of summary judgment to the State of Montana by the Eighteenth Judicial District Court, Gallatin County.  We affirm.

We consider the following issues on appeal:

I.   Did the District Court err in granting the State's motion for summary judgment on the Joneses' and D. Walker's negligence claim where the judgment was based on the court's legal determination that the State has no duty of care to third parties  in the selection of lessees of state lands?

II.   Did the District Court abuse its discretion in failing to enjoin the State from re-leasing land formerly leased to M & W Enterprises?

III. Did the District Court err in granting summary judgment on the Joneses' and D. Walker's quantum meruit claim?

The State of Montana owns school trust land located at North 7th Avenue in Bozeman.  The land is administered by the Department of State Lands (DSL).  DSL leased this tract of land to M & W Enterprises (M & W) for a ten-year period beginning in April of 1989.  M & W agreed to pay $3,000 yearly for the purpose of building an amusement park complete with a waterslide area.

The DSL lease was signed by Bill Metzger (Metzger) and Lonnie Walker (L. Walker), alleged general partners of M & W Enterprises, a limited partnership.  Cross-Claimants in this case are Roger Jones and Marlene Jones (the Joneses) and Donna Walker (D. Walker).

The Joneses paid $50,000 to Metzger and L. Walker and signed

2

an agreement whereby they were promised ten percent of the stock in "Adventureland", the envisioned corporation which was to be created in connection with the DSL leased land. In a similar manner, D. Walker invested $35,000 and the agreement which she signed with Metzger and L. Walker stated that she would receive 3.5 percent of the business. The record does not demonstrate that the corporation Adventureland was ever organized. Instead, both entities were made limited partners of a registered limited partnership called M & W Investments--represented later to the Bankruptcy Court during the subsequent Bankruptcy proceedings of M & W general partners as the same entity as M & W Enterprises.

During the summer of 1989, Metzger and L. Walker installed the waterslide and made improvements to the land. During this time, M & W began to encounter financial problems, and as a result, did not proceed further in the organization of the corporation.

During the summer of 1991, the Joneses and D. Walker obtained a non-dischargeable fraud judgment in Bankruptcy Court against L. Walker and Metzger totalling $85,000. The Joneses and D. Walker had recovered approximately $55,000 of this amount at the time of the hearing.

An attorney representing the Joneses, D. Walker, and other investors approached DSL in 1991 and 1992 inquiring about assuming the lease from Metzger and L. Walker. DSL refused this course of action because of the unresolved liabilities that already surrounded the property. DSL never received a formal assignment proposal.

State lease #4586 to M & W Enterprises was canceled for non-payment of rent on April 1, 1992. The lease itself provided a 60 day period in which persons with a claim against the improvements on the piece of land could file their claims. No such claims were ever filed and although DSL offered to permit the Joneses to remove and salvage the waterslide, the Joneses did not do so.

The Joneses and D. Walker procured a purported assignment of Metzger's and L. Walker's interests in state lease #4586 in November of 1992. However, the record is devoid of any evidence that this assignment proposal was ever submitted to DSL for approval, nor were the regulatory procedures followed in the attempt to make the assignment.

DSL did not lease this land for two years following the cancellation of M & W's lease. In 1994, DSL leased the land for $28,200.

This case was originally filed by Sebena Paving as a construction lien foreclosure against a state lessee, M & W Enterprises. Sebena sued anyone with an interest in the property, including the State, the Joneses, D. Walker, and other creditors and investors in the project. Sebena Paving and the other parties plaintiff were dismissed as parties to the current action. They were not involved in any manner in this appeal.

In February of 1992, the Joneses and D. Walker filed a two-count cross-claim against the State seeking to recover their losses as investors. They subsequently added a third count in quantum meruit. The State moved for summary judgment on all counts. The

4

District Court granted summary judgment and dismissed the cross-claims.

From these orders the Joneses and D. Walker appeal.

I

Did the District Court err in granting the State's motion for summary judgment on the Joneses' and D. Walker's negligence claim where the judgment was based on the court's legal determination that the State has no duty of care to third parties in the selection of lessees of state lands?

Appellants argue that the State is responsible for the negligence of its employees and that employees of DSL were negligent in not investigating the background of Metzger and L. Walker. Appellants argue that the State has a duty to lease its land to the best lessee it can find.

The respondent State contends that it has no duty to third persons such as appellants in this action. The State argues that injury alone does not create a liability; there must be a legal duty imposed on the State that has been breached in order for negligence to lie. The State concedes that it must act prudently with regards to leases of state lands; however, the prudence required, according to the State, exists to favor the State and not the lessee.

The court granted summary judgment because it determined that the State had no duty to the Joneses or D. Walker. Summary judgment is appropriately granted when there is no genuine issue of material fact and the moving party is due judgment as a matter of

5

law.  Mogan v. Cargill, Inc. (1993), 259 Mont. 400, 856 P.2d 973.

While some of the facts in this case are disputed by the parties, the material facts are not. The record shows that the lease to M & W was automatically canceled in April of 1992. The record also shows that the automatic cancellation provision is listed in the signed lease at paragraph 3--the provision is typed in capital letters; the lease is signed by both parties. When a contract is clear on its face, the only responsibility that this Court has is to enforce the contract as the parties intended. First Sec. Bank of Anaconda v. Vander Pas (1991), 250 Mont. 148, 818 P.2d 384.  The parties clearly provided that the lease automatically expire April 1, 1992, if the yearly payment was not received by DSL.

We affirm the conclusion of the District Court that the lease automatically terminated April 1, 1992, as a result of the nonpayment of rent.  We further conclude that the purported assignment of that lease in November 1992, was ineffective as the lease had already been cancelled.

Appellants would have us interpret § 77-6-205(2), MCA, as imposing upon the State a duty to the public to investigate potential lessees. While DSL has a statutory "duty," that duty is to the State of Montana:

> The board shall accept the highest bid. If the lessee exercises the preference right and believes the bid to be excessive, the lessee may request an administrative hearing. . . .The department shall grant the request for a hearing if it determines that the statement indicates evidence that the bid may not be in the state's best interests. . . . It is the duty of the board to secure the best lessees possible, so that the state may receive

6

<u>the maximum return possible with the least injury occurring to the land</u>. (Emphasis added.)

Section 77-6-205(2), MCA. The statutory obligation on the part of the State Land Board is to secure the maximum return to the State with the least injury to the land. The statute does not create any obligation to third parties.

Appellant cites Jeppeson v. State Dept. of State Lands (1983), 205 Mont. 282, 667 P.2d 428, for the proposition that DSL has a duty to exercise due care in its handling of leases. DSL admits that they must act prudently. However, a thorough reading of <u>Jeppeson</u> also reveals that this Court will not reverse a DSL decision unless it finds the decision arbitrary or capricious:

> This Court will not disagree with the proposition that the department should act as prudently as possible with respect to the handling of lease assignments. But we find no evidence suggesting even a hint of arbitrary and capricious behavior on the part of respondent or its employees. . . . this Court will not compel a state agency to make a particular decision with respect to a matter when that agency exercises its own judgment and discretion, and has not violated any statutory provisions or engaged in fraudulent action.

<u>Jeppeson,</u> 205 Mont. at 292-293, 667 P.2d at 433. The record contains no evidence that the State acted imprudently, arbitrarily, or capriciously when it leased the land to M & W.

We conclude that the State is correct in its contention that the lease was canceled on April 1, 1992. We further conclude that there was no genuine issue of material fact which precluded summary judgment. We hold the District Court correctly granted the State's motion for summary judgment on the Joneses' and D. Walker's negligence claim where that judgment was based on the court's legal

determination that the State has no duty of care to third parties in the selection of lessees of State lands.

## II

Did the District Court abuse its discretion in failing to enjoin the State from re-leasing land formerly leased to M & W Enterprises?

The complaint in this action was filed in September of 1991 and the Joneses' and D. Walker's cross-claims were filed on February 1, 1992. The Joneses and D. Walker allege that at sheriff's sale they purchased 100 percent of the issued and outstanding shares of Metzger Real Estate, Inc., and this purchase, along with their prior investments in the M & W partnership, entitles them to an interest in the DSL lease which was still in force in February of 1992.

Because of their claimed interest in the lease with DSL, the Joneses and D. Walker petitioned the court for an injunction against DSL to prevent DSL from re-leasing the property until DSL fully compensated persons for the improvements made to the leased property. The Joneses and D. Walker contend that their interest in M & W entitles them to the injunction. They argue that the court should have granted the injunction until such time as the parties had been compensated completely for the improvements to the land that had been made with their money.

The State argues that M & W "Investments" is not the party that is the lessee in this case. DSL leased land to M & W "Enterprises," a different legal entity. Further, DSL claims that

8

it provided an opportunity for persons with an interest in the improvements on the land in question to file claims for removal of the improvements. No claims were filed, and as a result, DSL argues that this question of compensation for improvements is moot.

The lease signed by Metzger and L. Walker for M & W calls for improvements to be removed within 60 days of the lease cancellation. The record indicates that despite this 60 day limit, DSL informed the appellants' counsel by letter on September 17, 1992, that the Joneses and D. Walker could remove improvements traceable to her clients within 60 days after the date of the letter. Therefore, the record indicates that appellants had seven months within which to remove the improvements or make claims for compensation. No one made an attempt to remove anything from this leased property nor file a claim for compensation. We conclude that the appellants cannot now claim that DSL failed to provide an opportunity for such removal when the record is clear that they had more than the contractually required time in which to remove such improvements or make a claim.

Based on these facts, the District Court denied the appellants' request for an injunction stating that no basis existed for such remedy. The grant or denial of an injunction is a discretionary ruling of the court and we will not reverse that ruling absent an abuse of discretion. Gabriel v. Wood (1993), 261 Mont. 170, 862 P.2d 42. The party seeking an injunction must prove his right to the injunction. Lewis v. Hanson (1951), 124 Mont. 492, 227 P.2d 70. The record clearly demonstrates that the State

provided more than the contractually required amount of time for interested persons to make a claim upon the improvements and remove the same. We conclude that the plaintiffs failed to prove their right to an injunction.

We hold the District Court did not abuse its discretion in denying the issuance of an injunction to stop the State of Montana from re-leasing its land.

III

Did the District Court err in granting summary judgment on the Joneses' and D. Walker's quantum meruit claim?

The Joneses and D. Walker argue that the State has been unjustly enriched at their expense because of the improvements remaining on the leased land and they are, therefore, entitled to restitution by virtue of the theory of quantum meruit. Further, appellants contend that the State has a statutory duty to ensure that the new lessees of the property compensate the parties whose money went to create the improvements to the land. Appellants claim that the State received the benefit of $16,547.99 for improvements directly and also is receiving $28,200 for the same leased property which DSL leased to M & W for $3,000.

Unjust enrichment is an equitable doctrine wherein the plaintiff must show some element of misconduct or fault on the part of the defendant or that defendant somehow took advantage of the plaintiff. Randolph v. Peterson, Inc. v. J.R. Simplot (1989), 239 Mont. 1, 778 P.2d 879.

The District Court granted summary judgment to the State

because it found no element of fraud or misconduct on the part of the State. Following a careful review of the record, we do not find any indication of misconduct or fault on the part of the state. Appellants' bald assertions create no genuine issues of material fact. The State is entitled to summary judgment as a matter of law. We hold that the District Court did not err in granting summary judgment to the State on the Joneses' and D. Walker's  quantum  meruit claim.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11

November 7, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Eula Compton
Attorney At Law
326 E. Spruce
Missoula MT 59802

John H. Tarlow
LANDOE, BROWN, PLANALP and BRAAKSMA, P.C.
Box One
Bozeman MT 59715

Roy H. Andes
Montana Department of State Lands
1625 Eleventh Avenue
Helena MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy