No. 99-196

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 85N

MITCHELL R. BUDAY, and BUDAY CONSTRUCTION MANAGEMENT,

Plaintiffs and Appellants,

v.

DAVID A. PHILLIPS; YELLOWSTONE II DEVELOPMENT GROUP, INC.,

a Montana Corporation; PARK COUNTY TREASURER; ELK PARK

RANCH, INC., a Montana Corporation; GERALD G. WING, Trustee,

Gerald G. Wing, Inc.; RESTATED MONEY PURCHASE PLAN &

TRUST; GERALD G. WING; and CHANNELL LIBBEY,

Defendants and Respondents.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Terry F. Schaplow, Attorney at Law, Bozeman, Montana

For Respondents:

James A. McLean and A. Suzanne Nellen, Attorneys at Law,

Bozeman, Montana

Stephen C. Pohl, Attorney at Law, Bozeman, Montana

---

Submitted on Briefs: December 16, 1999

Decided: April 4, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Plaintiffs Mitchell R. Buday and Buday Construction Management (Buday) appeal from a partial summary judgment entered against them in this action as to defendants Elk Park Ranch, Inc.; Gerald G. Wing, trustee Gerald G. Wing, Inc.; Restated Money Purchase Plan & Trust; Gerald G. Wing; and Channell Libbey (the Elk Park defendants). We affirm the judgment of the Sixth Judicial District Court, Park County.

¶3 Buday here seeks to recover for road construction services he performed on real property in August and September of 1995 under a contract with defendants David A. Phillips and Yellowstone II Development Group, Inc. (Yellowstone II), who were purchasing the real property under an installment land contract for deed. In October of 1995, the installment land contract was terminated and Yellowstone II's purchaser's

interest was forfeited and quitclaimed back to the seller, Elk Park Ranch, Inc.

¶4 Buday maintains that all of the defendants he has named herein claim interests in the property upon which he supervised road construction. In his complaint, Buday listed four counts under which he asserted that the defendants were liable to him for improvements to the property: construction lien, breach of contract, quantum meruit and unjust enrichment.

¶5 The Elk Park defendants moved for summary judgment. The District Court first granted summary judgment on the construction lien claim, ruling that Buday had failed to substantially comply with statutory lien requirements. After a hearing, the District Court also granted the Elk Park defendants' motion for summary judgment on the three remaining counts of the complaint, from which judgment this appeal is taken.

¶6 A district court reviews a motion for summary judgment under Rule 56(c), M.R.Civ.P., which requires that judgment be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court's standard in reviewing a district court's summary judgment ruling is de novo. We use the same Rule 56(c), M.R.Civ.P., criteria applied by the district court. *Stutzman v. Safeco Ins. Co. of America* (1997), 284 Mont. 372, 376, 945 P.2d 32, 34 (citations omitted).

## Issue 1

¶7 Did the District Court err in granting summary judgment on the count of Buday's complaint alleging breach of contract?

¶8 Buday does not allege that he contracted directly with any of the Elk Park defendants. The only connection between Buday and the Elk Park defendants was that Buday had entered a contract to supervise roadbuilding for Yellowstone II on property which Yellowstone II had contracted to purchase from Elk Park. Buday bases his breach of contract claim against the Elk Park defendants on the idea that an agency relationship existed between the Elk Park defendants, as principals, and Yellowstone II, as their agent for building roads.

¶9 An implied agency relationship exists when the principal intentionally or by want of ordinary care causes a third person to believe another to be his agent. Section 28-10-103,

MCA. Buday simply has not offered any evidence that the Elk Park defendants intentionally or by want of ordinary care caused him to believe that Yellowstone II was their agent.

¶10 Citing cases from other jurisdictions, Buday also argues that an agency relationship was created via language in the Yellowstone II/Elk Park installment land contract "requiring" Yellowstone II to build roads on the property. The factual premise for this contention is unsupported by either the contract language or by the record statements of the parties to the contract.

¶11 We conclude that the District Court was correct in ruling that no implied or quasi contract exists and in its entry of summary judgment for the Elk Park defendants on the breach of contract claim.

Issue 2

¶12 Did the District Court err in granting summary judgment on the counts alleging unjust enrichment and quantum meruit?

¶13 Buday claims unjust enrichment in that the Elk Park developers have retained the increased property value which results from his roadwork, without having to pay him for it.

¶14 In establishing a prima facie case under the equitable doctrine of unjust enrichment, the plaintiff must show misconduct or fault on the part of the defendant, or that the defendant somehow took advantage of the plaintiff. *Sebena v. State* (1994), 267 Mont. 359, 367, 883 P.2d 1263, 1268. Buday asserts that this misconduct requirement is met by the defendants' retention of his improvements to the property. We disagree.

¶15 Buday lost his right to file a contractor's lien to recover for his work on the property not through any fault of the Elk Park defendants, but by his own failure to file a valid lien. The Elk Park defendants have voluntarily paid the subcontractors who performed most of the actual labor on the roads.

¶16 The contract for deed between Elk Park Ranch, Inc. and Yellowstone II gave the Elk Park defendants no opportunity to decline the alleged benefit to the property that Buday conferred. Nor has Buday alleged that the Elk Park defendants engaged in any form of

misconduct or took advantage of him to induce him to perform his roadbuilding services.

¶17 As Buday acknowledges in his brief, quantum meruit is merely the measure of equitable damages in an unjust enrichment action. *See Storms v. Bergsieker* (1992), 254 Mont. 130, 134, 835 P.2d 738, 741. Therefore, the count of Buday's complaint alleging quantum meruit fails for the same reasons as does the count alleging unjust enrichment. We hold that the District Court correctly granted summary judgment to the Elk Park defendants on both counts.

¶18 If the conclusions of the district court are correct, this Court will affirm regardless of the district court's reasoning. *Norman v. City of Whitefish* (1993), 258 Mont. 26, 30, 852 P.2d 533, 535. Because we have determined that the District Court correctly granted summary judgment for the Elk Park defendants on the counts of Buday's complaint alleging breach of contract, unjust enrichment and quantum meruit, we do not address Buday's other claims that "material" issues of fact exist and that the District Court erred in its reasoning and its citation to authority.

¶19 Affirmed.


/S/ KARLA M. GRAY



We concur:



/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER